_JjDREW, J.
Minor Johnson,[1] who represented himself at trial, appeals from the judgment *218 denying his claim for worker’s compensation. Through his appellate counsel, claimant asserts that the Worker’s Compensation Judge (WCJ) erred in denying his request for a continuance at the beginning of the trial and in refusing to permit him to enter documents into evidence at trial. The judgment is affirmed.
FACTUAL AND PROCEDURAL HISTORY
On September 29, 1996, David B. Noles, attorney for Minor Johnson, filed a worker’s compensation claim against Berg, Inc., alleging that on October 1, 1995, at Atlas Refinery (a/k/a Pennzoil) in Shreveport, claimant sustained injuries from exposure to harmful chemicals which damaged his health. The parties stipulated that the claimant was employed by Berg on September 20, 1995; last worked at Atlas on October 10, 1995; and that he earned $15.35 per hour and would be entitled to the maximum compensation rate, if entitled to benefits. Another stipulation was that Berg was self insured.
*219 TIME LINE OF LITIGATION Berg Continuance Johnson Continuance Joint Continuance
Date Action Grounds
09/29/96 Claim filed with OWC Injuries resulted from working unprotected in a flooded pit containing hazardous material
|202/07/97 Joint Continuance Johnson’s counsel wrote that he and attorney for Berg agreed that both sides lacked relevant medical data
09/02/97 Joint continuance By agreement
12/08/97 Berg continuance Because Berg’s attorney learned Johnson’s attorney withdrew
04/08/98 Berg continuance Berg’s counsel could not reach Johnson to find out if he was represented, and Berg’s counsel was scheduled for surgery two days before trial; Johnson sent letter stating he had no objection to the continuance
08/03/98 Motion to Dismiss Johnson did not appear at trial set for that date
08/18/98 Dismissal Action dismissed without prejudice and Johnson had 30 days to resubmit claim
09/01/98 Motion to Reinstate Motion to Reinstate by David Lowe
09/25/98 Reinstatement order Order reinstating Johnson’s claim against Berg
03/11/99 Johnson continuance Lawyer leaving Cave firm; New lawyer in Cave firm needed time to prepare
04/01/99 Enrollment Order Renee Cooper of Cave firm seeks to enroll for Johnson
06/18/99 Enrollment Order John Frazier enrolls for Berg
07/09/99 Withdrawal Order Berg counsel, Thomas Hebert of Jones, Walker withdraws
10/07/99 Joint Continuance Both sides need medical reports from Dr. Rea, who examined Johnson
J3OI/2O/OO Johnson Continuance Renee Cooper and Cave Law Firm withdraw and trial continued at Johnson’s request
01/20/00 Intervention Cave Law Firm intervenes for fees and expenses
05/11/00 Berg Continuance Johnson counsel withdraws and Berg unable to get needed medical records (notwithstanding signed releases) from doctors who examined Johnson
*220 10/06/00 Berg Continuance Johnson has not obtained new counsel; Got medical reports of Dr. Johnson to whom Johnson referred by Dr. Cave; Unable to get deposition of Dr. Johnson of Dallas
12/18/00 Motion in Limine Berg wants testimony of Dr. Cave (wife of senior partner of Cave Law Firm) excluded from trial
01/09/01 Enrollment Order Brennan Hussey enrolled as co-counsel for Berg
01/12/01 Evidentiary Objection Berg objected to introduction of Dr. Johnson’s report
01/23/01 Enrollment Order David B. Noles enrolled as counsel for Johnson
01/26/01 Johnson Continuance Trial continued because Johnson in hospital; WCJ’s order stated no further continuances would be granted and set limits on discovery; Trial set for April 26, 2001
02/22/01 Ruling WCJ denied Berg’s motion to exclude Dr. Cave’s testimony
J403/20/01 Ruling WCJ excluded Dr. Johnson’s report as uncertified under La. R.S. 13:1715.1 and instructed Johnson the objection could be cured by having report properly certified
03/25/01 Motion in Limine Trial set for 4/2/01; Discovery deadline 3/27/01; 3/14/01 Johnson reported he would seek IME by toxicologist; Berg sought to exclude any testimony from toxicologist by deposition or otherwise
03/26/01 Motion to Compel Berg sought to compel Johnson to be examined by Dr. McWilliams and to obtain sanctions against Johnson
03/27/01 Motion to Reset Before the hearing, Berg counsel notified court he would be late; When he arrived, Johnson’s counsel, David Noles, had told court there was agreement and matter should be removed from docket; No agreement had been reached according to Berg
03/30/01 Order Hearing reset for April 23 by WCJ; Order stated no further continuances would be granted
05/01/01 Enrollment Order H. Clay Ward enrolled as co-counsel for Johnson
05/02/01 Judgment Motion to compel granted and Johnson ordered to be examined by Dr. McWilliams; Johnson ordered to submit medical records and to comply with discovery
05/14/01 Judgment Berg denied Motion in Limine as to Dr. Nassetta report, and Berg given opportunity to obtain toxicologist before trial
1508/13/01 Withdrawal Order permitting withdrawal of Johnson’s lawyer, David Noles
08/17/01 Withdrawal Order permitting withdrawal of Johnson’s co-coun *221 sel, H. Clay Ward
08/21/01 Johnson Continuance Johnson obtained continuance until 12/1/01 since his attorneys withdrew and he could not meet deadlines
10/08/01 Enrollment H. Clay Walker enrolled as Johnson’s attorney
12/10/01 Johnson Continuance Johnson granted continuance for good cause shown (attorney needed time to prepare) and matter set for trial April 2,2002
12/21/01 Motion to Compel Berg sought discovery responses
12/26/01 Johnson Motion to Continue April trial Johnson’s counsel cites conflict
12/26/01 Opposition Berg opposition to resetting April trial
03/12/02 Judgment WCJ ordered Johnson to supplement his discovery responses
03/19/02 Withdrawal Order H. Clay Ward withdrew as Johnson’s attorney
03/18/02 Johnson Motion Pro Se “Motion for Continuance and Allowance of Cases to Run Side by Side”
03/19/03 Intervention H. Clay Ward intervenes for attorney’s fees
03/18/02 Continuance Denied Johnson’s Request for Continuance Denied per telephone conference at which the WCJ stated no further continuances would be granted.
Jb03/28/02 Objections Berg filed multiple objections to Johnson’s evidence
04/2-5/02 Trial At commencement of trial, Johnson again objected to denial of continuance; trial court refused to delay the trial
06/12/02 Judgment signed Johnson’s and Intervenors’ claims denied
DISCUSSION

Continuance

At the beginning of trial in April 2002, claimant objected to the denial of his request to continue the trial and to his representing himself due to his mental and physical condition, for which he was still receiving medical care. In refusing to continue the matter, the WCJ noted:
• The case has been pending since September, 1996.
• Continuances had been granted over ten times: some via joint request, some at Berg’s request and some at Johnson’s request.
• In the conference call in March 2002, claimant told the WCJ that the decision for his lawyer to withdraw was mutual and claimant did not object; moreover, the WCJ advised there would be no more continuances and claimant informed the WCJ and Berg’s attorney that he intended to represent himself.
A continuance may be granted in any case if a good ground exists. La. C.C.P. *222 art. 1601. A continuance is mandatory if at the time the case is to be tried, the party seeking the continuance has been unable, with the exercise of due diligence, to obtain material evidence, or if a material witness has absented himself with the contrivance of the party seeking the continuance. La. C.C.P. art. 1602.
7 In Connor v. Scroggs, 35,521 (La.App. 2 Cir. 6/12/02), 821 So.2d 542, this court explained that the trial court must consider the particular facts in each case in deciding whether to grant or deny a discretionary continuance. Some factors to consider are diligence, good faith, and reasonable grounds. Equally important is the defendant’s corollary right to have his case heard as soon as is practicable. The trial court may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, because the defendant’s desire to have the case against him tried is also a factor, the claimant is not entitled to indefinite continuances simply because he is unable to secure counsel. A trial court is vested with great discretion in granting or denying a continuance under La. C.C.P. art. 1601. That ruling will not be disturbed on appeal in the absence of clear abuse of that discretion. Connor v. Scroggs, supra.
Johnson was unrepresented at the lengthy trial. His lawyer on appeal argues that the trial court was manifestly erroneous in denying Johnson’s requested continuance before trial. On appeal Johnson argues:
• His lawyer had not met discovery deadlines and withdrew two weeks before trial.
• His ex-lawyer sent him his file in a piecemeal manner, and Johnson did not receive his complete file from the attorney until five days before trial.
• The material was so massive it could not be separated and catalogued.
Is* Claimant was not physically or mentally able to represent himself due to ongoing health problems.
• His lack of legal training and skills put him at a serious disadvantage at trial.
• Claimant diligently tried to obtain the documentary evidence but was unable to do so.
Under those circumstances, Johnson argues that the trial court’s denial of the continuance was an abuse of discretion in that the ruling was manifestly erroneous and clearly wrong.
On appeal Johnson states he was entitled to the mandatory continuance in La. C.C.P. art. 1602 because he had been unable to obtain material evidence despite his exercise of due diligence. When Johnson objected to trying the case unrepresented, he explained to the WCJ that he and his attorney “split up” because the lawyer was not “turning his evidence in,” apparently referring to responding to defendant’s discovery requests. Johnson stated he received his records in several unorganized batches of papers after his attorney withdrew on March 19 before the April 2 trial. Specifically, Johnson stated at trial that Ward withdrew on the 14th and he did not receive his evidence until March 26. However, the defendant correctly pointed out that Johnson did not assert there was particular evidence which he diligently tried to obtain without success. Johnson did not prove he was entitled to a mandatory continuance under La. C.C.P. art. 1602.
Moreover, Johnson did not establish that the WCJ abused her great discretion in refusing to continue the trial based upon *223 a good ground. The foregoing time-line sets out Johnson’s representation through the course of [athe litigation. Initially, David Noles served as claimant’s lawyer when this claim was filed in 1996 and apparently -withdrew in 1997. Following the 1998 dismissal of his action for failure to appear, Johnson retained David Lowe who had the action reinstated in 1998. In March 1999, Lowe left the Cave law firm, and a continuance was granted to Johnson in order that his new attorney, Renee Cooper, could become familiar with the case. In January 2000, both the Cave law firm and Cooper withdrew from representing Johnson. At that time, the Cave law firm intervened in the action for its legal fees. David Noles enrolled as claimant’s attorney on January 28, 2001, and in May 2001, H. Clay Ward enrolled as Johnson’s co-counsel. In August 2001, both Noles and Ward -withdrew. Ward re-enrolled to represent Johnson in October of 2001 and withdrew with Johnson’s consent in March 2002. As noted above, the WCJ stated at trial that Johnson’s requested continuance was denied because Johnson consented to the withdrawal, announced his intention to represent himself, and was informed by the WCJ that there would be no more continuances.
The record contains three joint continuances obtained by Johnson and Berg. Berg obtained four continuances, two of which were based upon the withdrawal of Johnson’s attorney and one of which was based upon Johnson’s not having hired an attorney. Of five continuances obtained by Johnson, two were to permit his different counsel more time to prepare for trial, two were because his attorneys withdrew, and one was because he was hospitalized.
hnAlthough Johnson had been warned that no further continuances would be granted, he agreed for his lawyer to withdraw shortly before the trial date. Moreover, in the March telephone conference, he informed the WCJ that he intended to represent himself. After the WCJ denied his motion for continuance on March 18, 2002, and again at the beginning of trial, Johnson did not seek supervisory review. At trial, Johnson did not provide any indication that he had tried and failed to obtain counsel. Under the particular facts and circumstances of this case, the WCJ was not manifestly erroneous or clearly wrong in denying the continuance.

Evidentiary Rulings

Johnson correctly notes that hearsay may be admitted in worker’s compensation proceedings. La. R.S. 23:1317 provides in pertinent part:
... The workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself....

(Emphasis added.)

As a general rule, admissibility of evidence is determined by a three-part test,[2] only two of which are applicable here: i.e., (1) Is the evidence relevant?; and (2) Does the probative value of relevant evidence substantially outweigh its danger of unfair prejudice?
*224 -n The WCJ has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. The legislative requirement in La. R.S. 23:1317 that a WCJ’s factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. The WCJ has the discretion to admit hearsay evidence in worker’s compensation proceedings. Evidence can qualify as “competent evidence,” provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. When evaluating the factual findings of a hearing officer under the manifest error standard, the appellate court must determine whether the factual findings are reasonable and supported by competent evidence in the record. The reviewing court must evaluate the competency of the evidence under the manifest error standard. Scuderi v. Crazy Johnnie Café, Inc., 02-243 (La.App. 5th Cir.10/16/02), 831 So.2d 1037.
Without specifying, Johnson complains that the WCJ erred in refusing to accept documents into evidence which were essential to his claim. The claimant contends that due to the highly technical nature of his complaint, the majority of his evidence was in the form of documents designed to prove which chemicals were present, to which chemicals claimant was exposed, and the effects of the chemicals on his body.
li2In Lady of the Lake Regional Med. Center v. Helms, 98-1931 (La.App. 1st Cir.9/24/99), 754 So.2d 1049; writ denied, 99-3057 (La.1/7/00), 752 So.2d 863, the claimant’s complaint that the WCJ erred in refusing to admit into evidence an original video tape could not be reviewed because she failed to proffer the tape into evidence, with the result that Helms had waived her right to argue that issue on appeal. The claimant in Kennedy v. Johnny F. Smith Trucking, 94-0618 (La.App. 5th Cir.3/3/95), 652 So.2d 526, did not make a proffer of the excluded testimony of two witnesses. The court held that the claimant’s failure to make a proffer of excluded evidence resulted in his being unable to claim on appeal the exclusion was erroneous.
Likewise, Johnson’s failure to proffer the excluded evidence makes appellate review impossible. This omission resulted in Johnson’s having waived his complaints about excluded evidence.
However, the record demonstrates and Johnson admits that the WCJ admitted a large amount of evidence offered by Johnson, notwithstanding objections by the defendant. Specifically, the WCJ accepted into evidence the records of Dr. Alfred R. Johnson, D.O.; Christus Schumpert Medical Records for January 12, 2001, through February 3, 2001; Christus Schumpert Medical Records for October 2000; Check History Report; Berg Daily Worksheets; and Dr. Stephanie Cave’s Deposition with attachments.
It is likely that almost any plaintiff without legal training who represents himself will face difficulties, particularly, as here, when faced with skilled, aggressive attorneys opposing the claim. Undoubtedly, this 113claimant had no knowledge of seeking supervisory review of adverse rulings on the continuance and admissibility of evidence. Moreover, claimant failed to preserve for appeal his complaints on evi-dentiary rulings by proffering the rejected evidence for review by this court. However, given the unusual history of this case with claimant’s multiple attorneys and the *225 numerous continuances sought or caused by claimant, we cannot say that the WCJ abused her wide discretion in refusing to continue the trial. Regrettably, this claimant’s disadvantageous situation was largely of his own making. The actions of the WCJ were neither manifestly erroneous nor clearly wrong.
DECREE
The judgment of the Worker’s Compensation Judge is AFFIRMED at the costs of Minor Johnson.

. Other litigation involving the same incident for which claimant seeks worker's compensa *218 tion benefits here has previously been before this court. See, Johnson v. Berg Mechanical Industries, 35,290 (La.App.12/19/01), 803 So.2d 1067, writ denied, 02-0240 (La.4/26/02), 814 So.2d 556.

. La. C.E. art. 404(B) limits introduction of other crimes evidence to prove character to particular exceptions.