GARRETT, J.
hThe plaintiff, Barbara Amanda Queen, oh behalf of her minor child, Shapell Queen,. appeals from trial court rulings denying her motions for a continuance and for new. trial, as well as granting an .involuntary dismissal and sustaining an exception of prescription in favor of the defendants. For the following reasons, we reverse and remand for further proceedings.
FACTS
On September 3, 2012, Barbara Queen was driving a vehicle occupied by her minor children, Ariel and Shapell Queen. Other passengers were Erica Howard and her minor child, Jakalah Howard. Queen was rear-ended by a vehicle driven by Andrea Kristen Lee, owned by Classic Stone Interiors (“Classic”), and insured by AmTrust Insurance Company of Kansas, Inc. (“AmTrust”).[1] On August 2, 2013, Ms. Queen and Ms. Howard, individually and on behalf of their minor children, filed suit against Lee, Classic, and AmTrust, seeking damages for all the plaintiffs. The same attorney represented all of the plaintiffs. The defendants’ answers called into question the procedural capacity of the adult plaintiffs to appear on behalf, of the minors and also raised the issue of comparative fault. The answers further provided that, at that time; it did not appear the damages exceeded the threshold amount. for a jury trial. . However, the .defendants reserved the right, to request a jury trial if it was determined that the amounts sought exceeded the jury threshold amount. This apparently occurred, because a scheduling order was signed by the trial court on February 10, 2014, setting the matter for a jury trial on October 20, 2014.
|2As the trial date approached, it appears that the plaintiffs’ claims, except for those of Jakalah Howard and' Shapell Queen, were being resolved. Jakalah’s claims were later settled for $21,000.[2] *147 Shortly before the jury trial date, Queen and her attorney reached an impasse as to Shapell’s claims. Queen was not. happy with his efforts in representing her child and wanted him to withdraw. •• Several conference calls were held between the court, Queen, her attorney, and defense counsel. The calls on October 16 and October 17, 2014, were recorded by a court reporter, and a transcript is contained in the record. The court informed Queen that if her attorney withdrew, a continuance would not be granted and the.case would move forward. Queen and her attorney confirmed that Queen wished for him to withdraw. Queen stated that she was close to hiring another attorney who knew that the trial was set for Monday, October 20. The attorney had filed his motion to withdraw on October 10, 2014 [3]; the order allowing the withdrawal was signed by the. trial court on October 16,2014, after the conference call on that date.
On October 17, after the attorney was allowed to withdraw, the court had another telephone conference with- defense counsel and Queen. Queen stated that she was hopeful she would have counsel by the trial date on Monday, but could not guarantee it. She said she would not be able to |srepresent herself. Defense counsel stated that if Queen chose to represent herself, the defendants would waive the jury trial. Queen again stated that she needed legal representation and would not represent herself.
The court suggested moving the case to November 17,: 2014, and stated it would not require the .defendants to post any more costs for the jury and would make their subpoenas continuing, noting they had only issued two subpoenas. Defense •counsel stated he was not inclined to agree •to a continuance where Queen had chosen to fire her counsel close - to trial, rather than her counsel' choosing to withdraw. Queen stated the withdrawal was a mutual decision between her and the attorney. She said that it was'not in the best interest of her child to .continue with him and she refused to give the name of the lawyer she thought might take the case.
The court' informed Queen that there was no motion to continue before the court and she either had to appear at the trial with counsel or represent herself. Queen remained adamant that she needed legal counsel. She said' she hoped to have counsel by Monday, but did not know if that would happen.
On October 20, 2014, the date of trial, Queen appeared in court unrepresented by counsel. Defense counsel announced ready for trial and stated that it would oppose any motion for continuance by Queen. Defense counsel also waived jury trial. An extensive discussion was held on the record regarding the withdrawal by Queen’s attorney. Queen stated that she had not yet been able to secure' new counsel, did not have her file from the attorney who had just withdrawn, and was not prepared to represent herself. RThe court noted that she would not be representing herself, but would be representing her 11-year-old daughter. According to the trial court, the matter had been set for trial since March, the défendants had made preparations and expended money ón a jury bond and subpoenas, and the motion to withdraw was made 10 days before trial. The court determined that Queen had a college degree. However, Queen repeatedly stated she was not prepared to *148 proceed to. trial. Queen stated on the record that she was requesting a motion for a continuance. The trial court denied the request and, based upon Queen’s refusal to proceed in proper person, granted the defendants’ motion to involuntarily dismiss the-suit without prejudice.
On October 27, 2014, Douglas Stinson and Patrick Johnson enrolled as new counsel for Queen and her daughter. Also on that. date,, they filed a motion for new trial and, alternatively,- for reconsideration. Queen argued that the motion to withdraw by. the first attorney was filed less than one week before trial. She contended that there were clear grounds for the continuance. Queen, who now lives in Tennessee, had traveled to Louisiana the weekend before the trial, and had not received her file from her first attorney. She had no access to the child’s medical information and no one had contacted the child’s medical experts to appear at trial. Queen and her new counsel argued that the dismissal was prejudicial to her minor child, who suffered injuries in the accident.[4]
|fiThe motion was argued on January 5, 2015. The defendants urged that it was Queen’s fault that she did not obtain her file and secure new counsel. Queen urged that she had less than five days to hire new counsel prior to trial, Her new attorney stated that Queen contacted him prior to trial, but she did not have a copy of her file and he was not prepared to proceed with the trial on her behalf on such sfiort notice. Queen contended that the judgment resulted in a miscarriage of justice for the claims of the minor child. Queen’s attorney noted that the court had discretion, which should have beén exercised in favor of a continuance.
The court found that there were no good grounds for the new trial, stating that Queen did not request a motion for continuance prior to trial and, at the point she did request a continuance, the defendants had waived the .jury trial, which would have reduced the complications for Queen representing herself. The court stated that it had no option but to deny the motion for new trial.
', Also, on October 27, 2014, Queen’s new counsel refiled the lawsuit against the defendants'. The defendants'filed an exception of prescription, arguing that an involuntary dismissal did not interrupt prescription and it was as though the suit was . never filed. Therefore, the claim had prescribed. The exception was granted by the trial court.
Queen appealed the denial of the motions for continuance and for new trial in docket number 50,366-CA; and the granting of the exception of prescription in 50,-367-CA. The appeals weré consolidated by this court.
JjjMOTION TO CONTINUE • ‘ AND MOTION FOR NEW TRIAL
Queen argues that the trial court abused its discretion in denying the motions to continue and for new trial. She argues that granting the continuance would' have allowed her to obtain her file material from her original attorney and retain new counsel so that the minor child’s claims could proceed to a trial on the merits with counsel. Under the particular circumstances presented-in this case, we find-that this argument has merit.
Legal Principles
La. C.C.P. art. 1601 provides that a continuance may be granted in any case if *149 there is good ground therefor. La. C.C.P. art. 1602 states that .a continuance shall be granted if, at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. The ruling will not be disturbed- on appeal in the absence of a clear showing of abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974); Johnson v. Berg Mech. Indus., Inc., 36,913 (La.App.2d Cir.5/16/03), 847 So.2d 216; Connor v. Scroggs, 35,521 (La.App.2d Cir.6/12/02), 821 So.2d 542; Louisiana State Bd. of Dentistry v. Baker, 33,828 (La.App.2d Cir.9/27/00), 768 So.2d 683. See also Roland v. Tedesco, 426 So.2d 175 (La.1983). An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of |7his day in'court. Louisiana State Bd. of Dentistry v. Baker, supra; Rainone v. Exxon Corp., 93-2008 (La.App. 1st Cir.1/13/95), 654 So.2d 707, writ denied, 1995-0337 (La.3/24/95), 655 So.2d 1340.
While recognizing the much discretion vested in a trial judge in the matter of granting or refusing continuances, it has never been held that such discretion is absolute or that it may be exercised arbitrarily. Appellate courts are vested with the right and duty to correct such errors by the trial judge in matters of this kind. However, it should be pointed out that appellate courts only interfere in such matters with reluctance and in what are considered extreme cases. Sauce v. Bussell, supra. See also Roland v. Tedesco, supra.
The trial court must consider the particular facts in each ease in deciding whether to grant or deny a discretionary continuance. Some factors to consider are diligence, good faith, and reasonable grounds. Johnson v. Berg Mech. Indus., Inc., supra; Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2d Cir.1992). Equally important is the defendant’s corollary right to have his case heard as soon as is practicable. The trial court may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration - of justice. Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney; However, because the defendant’s desire to have the case against him tried- is also a factor, the' claimant is not entitled to indefinite continuances simply because he is unable to secure counsel. Johnson v. Berg Mech. Indus., Inc., supra; Walker v. Aulds, 28,968 (La.App.2d Cir.12/11/96), 685 So.2d 421; Gilcrease v. Bacarisse, 26,-318 (La.App.2d Cir.12/7/94), 647 So.2d 1219, writ denied, 1995-0421 (La.3/30/95), 651 So.2d 845.
 Because the discharge of one’s lawyer is not, by itself, grounds for the postponing of another party’s access to the courts for a decision in, a pending action, the client bears the burden of showing other circumstances that would justify a continuance. For example, a reasonably diligent client’s having fired his lawyer, for unpreparedness could be “good” grounds for a continuance in the absence of counterbalancing circumstances. Rainone v. Exxon Corp., supra.
In Roland v. Tedesco, supra, a medical malpractice wrongful death case arose in 1976. The matter was set for trial in January 1982. The .plaintiffs attorney died and the plaintiff was given a deadline *150 by the trial court to obtain new counsel and to file a motion for continuance. This did not occur and, on the trial date, the court dismissed the suit. This court affirmed that decision, which was reversed by the Louisiana Supreme Court. Citing Roland v. Tedesco, supra, the supreme court also reversed a similar decision by this court in Brown v. Louisiana State Med. Ctr., 472 So.2d 909 (La.1985).
In Shields v. Crump, 499 So.2d 479 (La.App. 2d Cir.1986), writ denied, 501 So.2d 214 (La.1987), the plaintiff filed a personal injury suit in February 1984. A dispute arose between the plaintiff and her attorney, who withdrew in April 1985. Trial was set for December 1985, and the |9plaintiff received notice of the trial date in August 1985. Four days prior to trial, the plaintiff retained new counsel, who made an oral motion for continuance at trial, stating that the plaintiff had difficulty obtaining her file from prior counsel and they were not prepared to proceed. The motion to continue was .denied. Because new counsel was not prepared to adequately represent the plaintiff, he withdrew and the plaintiff presented her own case in proper person. At the close of her testimony, the defense was granted an involuntary dismissal. The plaintiff appealed the trial court’s denial of the continuance and granting of a dismissal. This court reviewed the supreme court jurisprudence on this issue, particularly Roland v. Tedesco, supra, and Brown v. Louisiana State Med. Ctr., supra, and stated:
We read these Supreme Court decisions to strongly indicate that a trial court’s discretion should usually be exercised in favor of granting a continuance to a plaintiff who is no longer represented by counsel so as to afford the plaintiff an additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. In the two cited cases, as in the present case, the plaintiff had not previously been granted a continuance and there was no indication of any significant prejudice to the defendant or to the court schedule if a continuance were to be granted.
Under, similar circumstances, this court reversed the denial of continuances in Walker v. Aulds, supra, and in Louisiana State Bd. of Dentistry v. Baker, supra.
In Gilcrease v. Bacarisse, supra, the plaintiff filed suit, in August 1985, for injuries allegedly sustained when the defendant struck the plaintiffs car from behind. From 1985 to 1993, the plaintiff went through five attorneys and the case was continued numerous times. In October | inl993, the plaintiff appeared in court, in proper person, and requested another continuance, which was denied. The case was dismissed with prejudice. This court affirmed the trial court action.
Similarly, in Johnson v. Berg Mech. Indus., Inc., supra, the plaintiff filed a workers’ compensation suit in 1996 and went through a succession of attorneys. The case was continued numerous times. At trial in 2002, the plaintiff appeared in proper person and requested a continuance, which’ was denied.. That ruling was affirmed by this court.[5]
Regarding • motions for new trial, La. C.C.P. art. 1972 states in pertinent part:
*151 A new trial shall be granted, upon contradictory motion of any party, in -the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
La. C.C.P. art. 1973 provides that a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
Discussion
The unique circumstances presented by this case and the jurisprudence discussed above show that the trial court abused its discretion in refusing to grant a continuance in favor of Queen. The accident at issue here occurred on September 3, 2012, and suit was ‘originally filed on August 2, 2013. The defendants asked for a jury trial, which was set for October |n20, 2014.[6] The pretrial order signed by the trial court on February 10, 2014, set forth detailed time limits for filing witness lists and other documents. The plaintiffs’ witness list was to be distributed to other counsel 90 days prior to trial. The defendants filed their witness list on September 23, 2014, and also filed their requested special jury instructions. Queen’s first attorney did not file witness lists, subpoena requests, jury instructions, or anything else into the record showing that he had prepared to go to trial on Shapell’s claims.
■ A genuine dispute arose between Queen and her original attorney over his representation of Queen’s minor child. They appeared to mutually agree to the . withdrawal by the attorney. ⅛ The trial court allowed this withdrawal on October 16, 2014, four days before the scheduled jury trial. Given the fact that the record fails to show that the first attorney wás prepared to go to trial a few days before the scheduled trial date, Queen had a reasonable and good faith reason for discharging her attorney and good grounds for seeking a continuance.
Queen, who lived out of state in Tennessee, informed the court that she had made efforts to hire another attorney, but could not guarantee that she would have new counsel; ready to try the case, on October 20. On the date of trial, Queen appeared in court, but informed the court that she had not obtained her file from the first attorney and had not yet ■ been able to |12retain another attorney. At that point, the defendants waived jury trial and pressed for Queen to proceed unrepresented. It is significant to note that Queen was not representing herself, but was appearing on behalf of her minor child, who was entirely .blameless for the rear-end collision which caused her injuries. Queen maintained, as she.had consistently, that she was not prepared to proceed on behalf of the child without legal counsel.[7] Queen *152 asked the court for a continuance, which was denied.
The record shows that this was a first trial setting. The first attorney had not yet given Queen her file. There was no showing that Queen had repeatedly sought to eohtinue the case or that she'.had frequently changed counsel. Queen was able to secure counsel within seven days of the original trial date. The trial court had ánother jury trial date available on November 17, 2014, and defense counsel stated that he was available on that date. The trial court also informed defense' counsel that if the matter was passed to November, no further jury or. subpoena costs would be incurred. Therefore, the defendants’ argument is unfounded that a continuance would result in additional expense. We also note that, on the day of trial, the defendants waived their right to a jury trial in an effort to persuade Queen to proceed without counsel. There is no showing that the continuance would have resulted in significant prejudice to the defendants.
1, ¡Under these particular circumstances, the trial court abused its discretion in refusing to grant a continuance. The court’s action will result in a miscarriage of justice, not to Queen personally, but to the rights of the minor who was injured in this rear-end collision. Here, Queen had reasonable grounds to discharge the first attorney, she was diligent in securing new counsel, and there were reasonable grounds for requesting the continuance-in this matter. Therefore, we reverse the trial court ruling and find that a continuance should have been granted in this case. Further, after wrongfully denying the motion to continue,1 the trial court erred in failing to grant a new trial as the plaintiff showed good ground therefor. That portion of the trial court judgment is also reversed.
INVOLUNTARY- DISMISSAL
Queen argues that the trial court erred in granting the defendants an involuntary dismissal on the grounds that Queen failed to prosecute her case at trial. She points out that she and her daughter appeared at trial, and no written motion to withdraw the demand for. jury trial was filed by the defendants. This argument has merit.
Legal Principles
La. C.C.P. art. 1672 provides in pertinent part:
A, (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the-day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or .without prejudice.
(2) The court, .on its own motion, may dismiss an action without ■ prejudice when all the parties thereto fail to appear on the day set for trial; however, when-a case has been dismissed pursuant to this provision and it is claimed that there -is a ^pending settlement, either party may reinstate the suit within sixty days of receipt of the notice of dismissal, and any cause of action which had not prescribed when the case was originally filed, shall be fully reinstated as though the case had never been dismissed.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is .not granted, may move for a dismissal of the action as to him on the ground that upon,.the facts and law, the plaintiff has shown no right to relief. The court may then determine’ the facts and render *153 judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
A trial judge is vested with great discretion in dismissing’a lawsuit , with or without prejudice. Connor v. Scroggs, supra.
Discussion
In this matter, Queen and her child were present in court, even though they were unrepresented by counsel. Queen refused to proceed without counsel, reasoning that this would not be in the best interest of the child. As discussed above, the trial court erred in’' failing to grant a continuance. The trial court further abuséd its discretion in entering an involuntary dismissal. That ruling is reversed, and Queen’s suit against the defendants, on behalf of her minor child, is reinstated.
PRESCRIPTION.
Queen contends that the trial court erred in holding that the second suit, filed after the involuntary dismissal, was barred by prescription. Because the trial court erred in failing to grant a continuance and in entering an involuntary dismissal, and because we have reinstated- the original suit, we pretermit consideration of this argument.
| ^CONCLUSION
For the reasons stated above, we reverse the trial court judgment failing to grant a continuance and a new trial to the plaintiff, Barbara Amanda Queen, on behalf of her minor child, Shapell Queen, and we reverse the involuntary dismissal of the plaintiffs’ case. The plaintiffs’ case is reinstated and the matter is remanded to the trial court for further proceedings. Costs in this court are assessed to the defendants, Andrea Kristen Lee, Classic Stone Interiors, LLC, and AmTrust Insurance Company of Kansas, Inc., individually and in solido.
REVERSED AND REMANDED.
CARAWAY, J., concurs with written reasons.

. In the plaintiffs' pleadings, AmTrust was initially referred to incorrectly as AmTrust North America.

. The record shows that the trial court approved the compromise of Jakalah's claims upon the recommendation of the minor’s tutor and undertutor by judgment signed on October 24, 2014.

. The attorney sent a copy' of the motion to withdraw to Queen in Clarksville, Tennessee. It does not appear that the motion contained a copy of the detailed scheduling order setting the matter for jury trial, or other information as required by Rule 9.13 of the Louisiana Uniform Rules for District Courts.

. The pretrial order inserts filed by the defendants reflect that Shapell suffered injuries to her wrist and also required chiropractic treatment,

. See also Stevens v. City of Shreveport, 49,437 (La.App.2d Cir. 11/19/14), 152 So.3d 1071, writ denied, 2015-0197 (La.4/17/15), 168 So.3d 399, cert. denied, — U.S. -, 136 S.Ct. 154, 193 L.Ed.2d 114 (2015), where the unrepresented plaintiff had three months to hire an attorney after her counsel withdrew and she did not make a motion for continuance at trial.

. We particularly note that it was the defendants who requested a jury trial. Under La. C.C.P. art. 1732, a jury trial is only available if an individual petitioner’s • cause of action exceeds $50,000 exclusive of interest and costs. Therefore, the defendants must have contemplated that the potential amount of damages in this case qualified for a jury trial. As noted above, Shapell suffered a wrist injury and other injuries in the accident.

. Queen also raises the argument that, if she ■had represented the minor, it would have been a violation of La. R.S. 37:213, dealing with the unauthorized practice of law. She notes that La. C.C.P. art. 4262 provides that a tutor shall represent a minor in all civil matters, but she argues this does not extend to .the unauthorized practice of law. We also note the defendants contend that Queen, who was driving at the time of the accident, was at fault in stopping suddenly. The issue of Queen's fault may .have potentially created a conflict with the claims of the minor child. Because we find that the trial court erred in failing to grant the continuance, it is not necessary to reach a discussion of these issues.