Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,598-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARY MARGARET BROUSSARD                Plaintiff-Appellee

versus

JEFFREY D. BROUSSARD                Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 605,911

Honorable Brady D. O'Callaghan, Judge

* * * * *

LAW OFFICES OF E. RAY KETHLEY                Counsel for Appellant
By:  E. Ray Kethley, Jr.

KAMMER & HUCKABAY, LTD                Counsel for Appellee
By:  Charles H. Kammer, III

* * * * *

Before MOORE, STONE, and ROBINSON, JJ.

**ROBINSON, J.**

On June 15, 2021, Defendant, Jeffrey D. Broussard ("Jeffrey"), filed a motion for devolutive appeal from a judgment entered on August 25, 2020, from a community property trial that took place on July 14, 2020. The matter had proceeded to trial after the trial court denied Jeffrey's motion for a continuance on the basis of the motion's untimeliness. For the following reasons, the trial court's judgment is hereby affirmed.

## FACTS AND PROCEDURAL HISTORY

This appeal arises from litigation initiated by Plaintiff, Mary Margaret Broussard ("Mary"), to partition the community property between her and Jeffrey. Jeffrey filed a motion to continue the community property trial scheduled for July 14, 2020, at 2:30 p.m., based on the July 9, 2020, physician recommendation that his attorney, E. Ray Kethley, Jr. ("Kethley"), not work for at least four weeks. The motion was faxed to the clerk of court on the morning of July 14, 2020, but was not filed until July 17, 2020, and not received by the court until July 20, 2020. The trial court denied the motion on the basis of untimeliness and proceeded with the trial. A ruling and judgment were thereafter signed and filed on August 25, 2020.

On September 4, 2020, Mary filed a "Motion to Amend, Clarify Judgment, Correct Calculation, New Trial, Enter Equalization Payment in the Form of a Mortgage and/or Allocate/Sell Asset." A hearing on that motion was scheduled for December 7, 2020. On October 26, 2020, Jeffrey filed a motion for devolutive appeal from the August 25, 2020, judgment, which was denied by the trial court based on prematurity.

On the morning of the December 7, 2020, hearing, Jeffrey filed a motion to recuse, claiming that the trial court judge was prejudiced toward or against Kethley to such an extent that the judge would be unable to conduct fair and impartial proceedings. Written reasons for judgment were filed by a different district judge on February 4, 2021, denying the motion to recuse, stating that Jeffrey failed to prove bias, prejudice, or personal interest on behalf of the presiding judge.

On June 15, 2021, Jeffrey filed another motion for devolutive appeal from the August 25, 2020, judgment, which was then granted by the presiding judge.

## DISCUSSION

Jeffrey claims that the trial court abused its discretion when it denied his motion to continue and proceeded with the trial without Jeffrey or Kethley being present.

The basis for his motion to continue the July 14, 2020, trial was Kethley's recommendation from his internist on July 9, 2020, handwritten on a prescription pad, that he avoid work for four weeks or until his symptoms of chest tightness, shortness of breath, and fatigue, could be evaluated. A copy of the note was attached to the motion. The motion was faxed to the Caddo Parish Clerk of Court's emergency filing facsimile number on July 14, 2020, at 9:07 a.m., as shown in a communication result report attached to the later-filed motion to recuse, despite the motion being subsequently file-stamped on July 17. Jeffrey asserts that since the trial was not scheduled until 2:30 p.m., the motion submitted earlier that morning was timely.

2

Jeffrey claims that the facts of this case demonstrated good cause for a continuance because Kethley had a legitimate medical reason not to attend the trial and notified the court prior to trial. Jeffrey argues that he was diligent, acted in good faith, and had reasonable grounds for a continuance. Therefore, he argues that the trial court abused its discretion in a way that deprived Jeffrey of his day in court by rendering a judgment based on evidence submitted without Jeffrey or Kethley present.

Mary argues that the trial court acted in a fair and reasonable manner in denying the subject motion to continue. In her brief, she offers additional insight as to why the denial of the motion was justified, claiming that there were several instances of Jeffrey's untimely filing and inadequate communication.

Following Mary's filing of an amended petition for divorce on July 3, 2018, which requested the termination and partition of the community, the parties were ordered to file sworn detailed descriptive lists within 45 days of the order and a traversal within 60 days of service of the filed sworn detailed descriptive list. Mary's counsel, Charles H. Kammer, III ("Kammer"), sent Mary's sworn detailed descriptive list to Kethley on October 11, 2018. A Rule 10.1 conference was set for November 1, 2018, to address outstanding discovery propounded to Jeffrey and to discuss when Jeffrey would provide his traversal of the sworn detailed descriptive list. Kammer sent a letter to Kethley on November 1, 2018, regarding the conference, to which he replied he would provide his outstanding discovery answers within a week. The answers were never sent.

On January 16, 2020, Mary filed a "Rule for Contempt and to Make Past Due Amounts Executory" alleging that Jeffrey was not paying his portion of the minor child's medical and extracurricular expenses. She filed a joint unified list on February 11, 2020, a copy of which was sent to Kethley. Court was set for April 7, 2020, but was continued to June 1, 2020, due to COVID delays. Jeffrey filed a motion for continuance via facsimile on May 31, 2020, the day before the hearing, at 5:05 p.m., which was not received by the clerk until the following day, the day of the hearing.

The court commenced with the May 31, 2020, hearing and an order was entered for Jeffrey to provide the outstanding discovery answers by July 7, 2020, and to respond to the joint unified list, and that if Jeffrey failed to respond to the joint unified list, it would be deemed admitted. The order was mailed to Kethley on June 12, 2020. Jeffrey filed another motion to continue on July 14, 2020, the morning of trial, which is the subject of this appeal.

Kammer informed the court at trial that he received a courtesy copy of the motion for continuance that morning, but the court checked with the clerk and confirmed that it had not been filed in the record. The court also inquired with staff to see if any other communication had been received by Kethley concerning the continuance or inability to appear, and confirmed that there was none. The court found it reasonable to move forward with proceedings considering the lack of communication and the fact the matter had already been continued several times, albeit once due to COVID. The court also noted Zoom hearings are often conducted, which could have been requested by Jeffrey had he contacted the court.

4

Mary also refers to the circumstances regarding the September 4, 2020, filing of the "Motion to Amend, Clarify Judgment, Correct Calculation, New Trial, Enter Equalization Payment in the Form of a Mortgage and/or Allocate/Sell Asset." A hearing was scheduled on that motion for December 7, 2020. Jeffrey filed a motion for devolutive appeal on October 26, 2020, which was denied as premature. Jeffrey then filed the motion to recuse, again on the morning of the December 7, 2020, hearing.

La. C.C.P. art. 1601 provides that a continuance may be granted in any case "if there is good ground therefor." "Good" ground is something less than a "peremptory" ground, for which La. C.C.P. art. 1602 declares a continuance "shall" be granted.

The trial court has great discretion in granting or denying a continuance under La. C.C.P. art. 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of that discretion. *St. Tammany Parish Hospital v. Burris*, 00-2639 (La. App. 1 Cir. 12/28/01), 804 So. 2d 960. "It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of clear showing of abuse of that discretion." *Sauce v. Bussell,* 298 So. 2d 832 (La. 1974); *Jackson v. Royal Ins. Co.*, 97-723 (La. App. 3 Cir. 12/17/97), 704 So. 2d 424; *Taylor v. Sauls,* 99-1436 (La. App. 3 Cir. 9/6/00), 772 So. 2d 686, *writs denied*, 00-2802, 00-2805 (La. 12/8/00), 776 So. 2d 461; *Howard v. Lee,* 50,366 (La. App. 2 Cir. 1/13/16), 185 So. 3d 144. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. *Howard*, *id*.

5

The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance, including the diligence and good faith of the party seeking the continuance and other reasonable grounds. *Tarbutton v. Tarbutton*, 52,102 (La. App. 2 Cir. 6/27/18), 251 So. 3d 590; *Connor v. Scroggs*, 35,521 (La. App. 2 Cir. 6/12/02), 821 So. 2d 542. Equally important is the defendant's corollary right to have his case heard as soon as is practicable. The trial court may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. *Tarbutton*, *supra*; *Connor*, *supra*; *Howard*, *supra*; *Wilkerson v. Darden Direct Distribution, Inc.*, 53,263 (La. App. 2 Cir. 3/4/20), 293 So. 3d 146.

As Mary notes in her brief, Jeffrey attempted to file the subject motion for continuance on *the morning of trial* via facsimile, but did not contact the court to verify that it had been received. The basis for Jeffrey's motion was Kethley's physician recommendation that was received on July 9, 2020, five days prior to trial. There was ample time to contact the opposing party and the court regarding a continuance, but Jeffrey delayed filing until the morning of trial. The trial court did not diminish in any way Kethley's health concerns, but merely stated that his condition was not so severe as to warrant the failure to timely notify the court. Further, Jeffrey had established a pattern of untimeliness by filing motions several times either on the eve or morning of court, and each time he failed to follow up on the filings and did not appear in court to argue the merits of any of the motions. It is also apparent from the record that Kammer attempted to correspond with Kethley multiple times prior to court appearances with no

6

response.  The trial court was justified in its denial of Jeffrey's motion for continuance and did not abuse its discretion by proceeding with the scheduled trial and ultimately rendering judgment in connection thereto.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the trial court's denial of Jeffrey's motion for continuance and the corresponding August 25, 2020, judgment entered in the community property trial of July 14, 2020. Court costs are to be taxed to Jeffrey.

**AFFIRMED.**