ANTHONY T. STRAUGHTER, DERON ALEXANDER AND RUSSELL BICKHAM    \*    NO. 2023-CA-0480

\*    COURT OF APPEAL

VERSUS    \*    FOURTH CIRCUIT

OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, THE TRINITY SYSTEM INC., AND AARON MATTHEW WHITE    \*    STATE OF LOUISIANA

\*

\*

\*

\* \* \* \* \* \* \*

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
|---|---|
| DE'MYRON ALEXANDER | NO. 2023-CA-0481 |
| VERSUS | |
| WILSHIRE INSURANCE COMPANY AND MATTHEW WHITE | |

*SCJ* **JENKINS, J., DISSENTS WITH REASONS**

A trial judge is intimately familiar with the record in cases over which she presides. The trial judge competently managed her docket, and specifically this case, by entering a scheduling order inclusive of discovery deadlines. Per the court's June 25, 2021 scheduling order, it was ordered that "all discovery must be completed by May 31, 2022," 300 days prior to the March 27, 2023 trial in this matter. Yet on March 21, 2023, Defendants-Appellants made a desperate attempt to acquire more time to prepare for trial by filing a motion to continue trial based on the possibility of newly found evidence, fraud and ill-practices by Plaintiffs-Appellees.

There are differing opinions between the parties as to when the trial court first considered and ruled on the motion to continue trial. [1] My review of the record

---

[1] The Plaintiffs-Appellees' brief reference the motion to continue was heard and denied during the March 23, 2023 status conference. However, Defendants-Appellants' brief provides that the trial judge did not attend the status conference, and the parties were informed that the motion to continue would be ruled upon on the morning of trial. The March 27, 2023 trial transcript reflects that the motion to continue trial was heard by the trial judge and was orally denied prior to the commencement of trial.

reveals only one hearing and no written judgments ruling on Defendants-Appellants' motion to continue trial.

Great deference is afforded to the trial judge in making pre-trial rulings, particularly a motion to continue trial. Of course, the discretion vested with the trial court to decide a motion to continue is not absolute nor may that discretion be exercised arbitrarily. *Sauce v. Bussell*, 298 So.2d 832, 834 (La. 1974). The reviewing court, may disturb that ruling in instances of extreme cases. *Wilkerson v. Darden Direct Distribution, Inc.*, 53,263, p. 13 (La. App. 2 Cir. 3/4/20), 293 So. 3d 146, 154. No extreme case exist here. This is not an instance whereby this Court should disturb the ruling of the trial court's denial of a motion to continue trial. Defendants-Appellants' motion to continue is a failed attempt to reopen discovery by alleging newly found information. I do not agree with the majority's conclusion that the trial court's denial of the motion to continue trial was an abuse of discretion which warrants reversal of the ruling.

### Diligence, Good Faith, and Reasonable Grounds

"A trial judge has wide discretion in determining whether a motion for continuance should be granted." *Doe v. Lewis*, 2020-0320, p. 3 (La. App. 4 Cir. 12/30/20), 312 So.3d 1165, 1169. Defendants-Appellants contend that evidence of fraud was produced to the trial court, thus, the trial court should have continued the trial date, re-open discovery on the issue of how the accident was caused, and vacate the February 28, 2023 consent judgments.

To discern whether the trial court abused its discretion in the denial of a motion to continue, we must examine the factors a trial court must consider. The trial court must weigh particular facts of a case and consider factors such as diligence, good faith, and reasonable grounds. *Succession of Feingerts*, 2017-0265, pp. 3-4 (La. App. 4 Cir. 12/21/17), 234 So.3d 1081, 1085 (citing *Howard v. Lee*, 50,366, p. 7 (La. App. 2 Cir. 1/13/16), 185 So.3d 144, 149).

The record is void of acts of diligence, good faith or reasonable grounds by the Appellants-Defendants to garner a grant of a motion to continue trial. An example of Defendants-Appellants' lack of diligence to defend this case is their pre-trial practice. The record reflects that Plaintiffs-Appellees moved for a partial summary judgment on the issues of liability and course and scope of employment and a motion in limine to exclude Defendants-Appellants' fact and expert witnesses and exhibits, in which Defendants-Appellants failed to oppose any of the motions. Ultimately, Defendants-Appellants agreed to consent judgments. Defendants-Appellants' failure to oppose the motion for summary judgment shows little to no act of good faith or diligence.

### The Motion to Continue

Trial was scheduled, and commenced, March 27, 2023. On March 21, 2023, Defendants-Appellants moved the court to continue trial. Of the eleven paragraphs in their motion to continue trial, paragraph ten alleges with specificity the reason to continue trial. In paragraph ten, Defendants-Appellants aver the trial should be continued to "pursue the nullity action concerning the Consent Judgment, which was obtained by the fraud and/or ill practices of Straughter and Deron Alexander." In paragraph one, Defendants-Appellants alleged they first became aware of fraud and/or ill practices on March 13, 2023. The paragraph ends by instructing the court that the grounds for annulment are more fully developed in their Petition to Annul Judgments filed on the same date.

*Fraud is an Affirmative Defense*

Defendants-Appellants waived their opportunity to plead fraud. Fraud is an affirmative defense which must be pled in the answer. La. C.C.P. art. 1005 provides in pertinent part "[t]he answer shall set forth affirmatively negligence, or fault of the plaintiff and others . . . fraud, illegality . . . and any other matter constituting an affirmative defense." "The purpose of requiring affirmative

defenses to be pled in the answer is to give fair notice to the plaintiff and avoid trial by ambush." *Fin & Feather, LLC v. Plaquemines Par. Gov't*, 2016-0256, p. 8 (La. App. 4 Cir. 9/28/16), 202 So.3d 1028, 1034.

Here, the record demonstrates that Defendants-Appellants failed to plead fraud as an affirmative defense, although in February 2021, Defendants-Appellants, through discovery responses, alluded to similarities between Plaintiffs-Appellees' accident and the pending investigation of staged motor vehicle accidents in the United States Attorney's office for the Eastern District of Louisiana.

Based on the acts and inactions of Defendants-Appellants in support of their motion to continue trial, I do not find that the discretionary grounds for continuance pursuant to La. C.C.P. art. 1601 nor the mandatory grounds for continuance pursuant to La. C.C.P. art. 1602 exist in this case. I do not find that the trial court's exercise of discretion was an abuse. Further, there is nothing in the record that points to the trial court acting in an arbitrary manner in reaching her ruling to deny the motion for continuance. Based on what was presented during the brief exchange between the court and counsel for Defendants-Appellants the morning of trial, I find the trial courts denial was based on law, sound logic and reason as to why the Defendant-Appellants were not entitled to a continuance of trial.

That said, the majority opinion goes into great detail as to the content and allegations in Defendants-Appellants' petition to annul the consent judgments. It is acknowledged by the Court that Defendants-Appellants' motion to continue referenced the petition to annul consent judgment.[2]

---

[2] A petition to annul must be brought in the same court that issued the judgment and the decision to annul a judgment lies within the discretion of the trial court. *Mosing v. Miller*, 2020-632, p. 4 (La. App. 3 Cir. 12/8/21), 332 So.3d 724, 728 (citing *Wright v. La. Power & Light*, 2006-1181 (La. 3/9/07), 951 So.2d 1058); See La. C.C.P. art. 2004.

Consideration of the Petition to Annul Judgment has no place in this appeal. Counsel, nor the trial court addressed the merits of the Petition for Annulment the morning of trial. More importantly, Counsel for Defendants-Appellants did not petition the court to introduce into evidence the petition for annulment nor any exhibits attached to the petition for annulment as a part of their motion to continue trial. The narrow issue of this appeal, in light of the majority pretermitting review and discussion of the remaining four assignments of error, is whether the trial court abused its discretion by denying Defendants-Appellants' motion to continue trial.

The March 27, 2023 transcript illustrates Defendants-Appellants did not introduce any evidence to substantiate their claim that they are entitled to the continuance under the law. The only pleading the record reflects that was before the court as it relates to the motion to continue trial was the motion. Not even a memorandum in support of their motion to continue trial accompanied the motion. The entirety of Defendants-Appellants' argument in support of their motion to continue trial is as follows:

> MR. BIGGERS: Good morning Your Honor. Yes, we filed a motion to continue based on our very recent discovery of some potential evidence that could lead to a nullity of judgment, potential fraud. So we ask for a continuance just so that we could resolve those issues and see if there was anything to them so that we would not waste time and resources going through a trial and potential appeals while we're seeking that…
>
> THE COURT: Okay. Discovery closed in 2021. The motion to continue the trial is denied. Thank you.

It is clear from this exchange, Defendants-Appellants failed to meet their burden to establish their motion to continue trial should be granted.

My final reason as to why the trial court's ruling to deny the motion to continue should not be disturbed is based on this Court's acceptance of the faulty argument that the trial court should rely on and consider arguments based on conjecture and speculation. The majority opinion suggest that the possibility of

fraud being perpetrated on the judicial system warrants this Court's inference that there is good cause for a continuance under La. C.C.P. art. 1601. I disagree. "[A]llegations of fraud in this case are, at this point, no more than that: allegations." *Straughter v. Occidental Fire & Cas. Co. of N. Carolina*, 2023-01109, p. 1 (La. 9/26/23), 370 So.3d 725 (Weimer, C.J. concurring in writ denial). Speculations as to whether Plaintiffs-Appellees are or will be subjects of a criminal investigation, or the potentiality of a federal indictment is not relevant to the issues this Court is called upon to decide in this appeal.

For the reasons assigned, I respectfully dissent from the majority opinion. I do not find that the trial court abused its discretion in denying the motion to continue trial. I would affirm the trial court's ruling to deny Defendants-Appellants' motion to continue trial.