914 So.2d 631 (2005)
Jennifer Margaret Myers SCHAEFFER, Plaintiff-Appellant
v.
Thad Kyle SCHAEFFER, Defendant-Appellee.
No. 40,562-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*632 Albert E. Loomis, III, Monroe, for Appellant.
James A. Hobbs, West Monroe, for Appellee.
John Freeman Aplin, for Minor.
Before BROWN, CARAWAY, and DREW, JJ.
BROWN, C.J.
The primary issue raised by plaintiff, Jennifer Margaret Myers Schaeffer, in this appeal is whether the joint custody arrangement fashioned by the trial judge, with defendant, Thad Kyle Schaeffer having primary domiciliary custody of the parties' young son, provides the child with frequent and continuing contact with both parents in accordance with La. R.S. 9:335(A)(2)(a). Finding no error, we affirm.

Facts and Procedural Background
Jennifer and Thad Schaeffer are the parents of Kyle Anthony Schaeffer, born on December 30, 2002. The parties were *633 married on August 2, 2003, separated on March 1, 2004, and divorced on October 29, 2004.
Trial on the issues of custody and support was held on August 30 and 31 and September 1, 2004, and January 18 and 19, 2005. In the interim, a hearing officer found that, because of substance abuse issues in the mother's home (drug use/abuse by Jennifer and her parents, with whom she and the child lived), Thad would be given primary physical custody with Jennifer having limited visitation pending the trial court's decision.
The trial court, finding the testimony of Jennifer Schaeffer to be "utterly lacking in credibility,"[1] and noting the evidence of drug use in the maternal family home, continued the joint custody arrangement with Thad as the primary domiciliary parent and Jennifer having specified periods of physical custody. The court further recognized a $1,300 support arrearage owed by Jennifer and continued the previously ordered $100 per month child support obligation. From the trial court's May 27, 2005, judgment, Jennifer has appealed.

Discussion

Child Custody
As noted above, joint custody was awarded to the parties, with Thad being named the primary domiciliary parent. Jennifer was given physical custodial rights under a plan of implementation which provided that she have Kyle every other weekend, alternating holidays, and three two-week periods in the summer. Jennifer argues that the trial court erred in naming Thad as the primary domiciliary parent and alternatively, that the allocation of physical custody under the implementation plan has "reduced [her] to mere visitor in [her] child's life by failing to balance the parents' rights to equally share the physical custody of the child where feasible, by failing to afford [her] substantial time ... and frequent and continuing contact between ... mother and her two-year-old child."
Louisiana Civil Code article 131 provides that custody of a child is to be awarded in accordance with the best interest of the child. When the trial court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Craft v. Craft, 35,785 (La.App. 2d Cir.01/23/02), 805 So.2d 1213. The court must consider all the circumstances and the best interest of the child in implementing a custody sharing plan. Jones v. Jones, 38,790 (La.App.2d Cir.06/25/04), 877 So.2d 1061; Stephenson v. Stephenson, 37,323 (La.App. 2d Cir.05/14/03), 847 So.2d 175; Craft, supra. Substantial time rather than strict equality of time is mandated by the legislative scheme providing for joint custody. See La. R.S. 9:335. When parties are awarded joint custody, the court shall designate a domiciliary parent unless the implementation order provides otherwise or for other good cause shown. La. *634 R.S. 9:335(B)(1). Subsection (B)(2) provides that the domiciliary parent is the parent with whom the child primarily resides. The nondomiciliary parent, however, should be assured of frequent and continuing contact with the child. Shaw v. Shaw, 30,613 (La.App. 2d Cir.06/24/98), 714 So.2d 906, writs denied, 98-2414 (La.11/20/98), 729 So.2d 556, 98-2426 (La.11/20/98), 729 So.2d 558.
Every child custody case is to be viewed on its own peculiar set of facts and relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Stephenson, supra. The trial court's determination regarding child custody is entitled to great weight and will not be disturbed absent a clear abuse of discretion. Jones, supra; Craft, supra. Appellate courts should be reluctant to interfere with custody plans implemented by trial courts in the exercise of their discretion. Jones, supra; Wilson v. Wilson, 30,445 (La.App. 2d Cir.04/09/98), 714 So.2d 35.
In this case, as in most child custody cases, the trial court's rulings and ultimately its custody determination were based heavily on its factual findings. The judge was faced with negative and conflicting testimony bearing on both parents' fitness, lifestyles, and personal histories. Clearly both parents love Kyle and want to provide a stable home for him. The evidence, however, overwhelmingly supports the trial judge's conclusion that joint custody with Thad Schaeffer as primary domiciliary parent and Jennifer Schaeffer having specified periods of physical custody as set forth in the implementation plan attached to the trial court's judgment (the total of which we have calculated to be approximately 109 days per year) is in Kyle Schaeffer's best interest. Furthermore, we specifically find that, under the facts and circumstances of this case, this custodial arrangement is sufficient to afford Jennifer substantial time as well as frequent and continuing contact with her child.[2]

Spousal Support
Jennifer's second assignment of error is that the trial court erred in failing to award her interim periodic spousal support.
A spouse may be awarded an interim periodic allowance based upon the needs of that spouse, the ability of the other spouse to pay and the standard of living of the spouses during the marriage. La. C.C. art. 113; Jones, supra; Bagwell v. Bagwell, 35,728 (La.App. 2d Cir.03/08/02), 812 So.2d 854. The needs of the claimant spouse, in this case, the wife, have been defined as the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the husband's ability to pay. Jones, supra; Hitchens v. Hitchens, 38,339 (La.App. 2d Cir.05/12/04), 873 So.2d 882.
In order to demonstrate need for interim periodic spousal support, the claimant has the burden of proving that she lacks sufficient income or the ability to earn a sufficient income to maintain the standard of living that she enjoyed during the parties' marriage. Id. The trial court is afforded much discretion in determining *635 whether to make an award of interim spousal support and such a determination will not be disturbed absent a clear abuse of discretion. Jones, supra; Hodnett v. Hodnett, 36,532 (La.App. 2d Cir.09/18/02), 827 So.2d 1205.
In the judgment rendered on May 27, 2005, the trial judge did not specifically address Jennifer's claim for spousal support. As a general rule, the law provides that when a judgment is silent with respect to any demand which was an issue under the pleadings, the silence constitutes an absolute rejection of the demand. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988); Brooks v. Tuesday Morning, Inc. Co., 32,452 (La.App. 2d Cir.10/27/99), 745 So.2d 161; Bamberg v. City of Shreveport, 26,278 (La.App. 2d Cir.12/07/94), 647 So.2d 1207, writ denied, 95-0414 (La.03/30/95), 651 So.2d 845; Elliott v. Elliott, 05-0181 (La.App. 1st Cir.05/11/05), 916 So.2d 221, 2005 WL 1109457, writ denied, 05-1547 (La.07/12/05), 905 So.2d 293; Caro v. Caro, 95-0173 (La.App. 1st Cir.10/06/95), 671 So.2d 516.
We can only surmise that the trial court's rejection of Jennifer's claim for interim spousal support was based upon its factual findings, and we find no reason to second-guess the trial judge on this issue, particularly in light of the fact that neither Jennifer nor Thad have a job at the present time and both parties are living with and/or being supported by family members. This assignment of error is without merit.

Conclusion
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to appellant, Jennifer Margaret Myers Schaeffer.
NOTES
[1] In its reasons for judgment, the trial court observed as follows:

After five full days of hearing in this matter the Court was intrigued by the fact that Jennifer Schaeffer showed up in court seven months pregnant. Both parties took the stand and Jennifer Schaeffer testified under oath that the child she was carrying was the child of Thad Schaeffer. Mr. Schaeffer denied that he was the father of the child Jennifer Schaeffer was carrying. After a recess the Court had discussions with both counsel as to the importance of the parties' testimony as to who the father of the expected child was and recommended DNA testing of Thad Schaeffer, Jennifer Schaeffer, and the child. It was conclusively determined that the child was not Thad Kyle Schaeffer's child.
[2] Because we are affirming the trial court's joint custody award and maintaining the custodial arrangement set forth in the judgment rendered on May 27, 2005, we do not reach Jennifer's assignment of error in which she sought child support in the event she was awarded shared custody or was named as domiciliary parent. As the nondomiciliary parent under a joint custody plan, Jennifer is not entitled to an award of child support. See La. R.S. 9:315.8.