MOORE, J.
_JjLovie “Beth” Hammond appeals a judgment that awarded her and her ex-husband, John Hammond, joint custody of the couple’s two minor sons but omitted any mention of her claims for child support, the dependent tax credit and spousal support. Finding an abuse of discretion, we amend the judgment and, as amended, render.
*1200 PROCEDURAL BACKGROUND
Beth and John got married in March 2005, in Arkansas, and eventually moved to Ouachita Parish, where most of her family (and none of his) was from. They had two boys together, born in 2002 and 2009. John left the matrimonial domicile in June 2014 and moved to Oklahoma.
Beth filed a petition for Art. 102 divorce in August 2015. She requested joint custody of the boys with herself as primary domiciliary parent, child support, the dependent tax credit and spousal support. She attached a detailed plan of implementation. She alleged that John had picked up the boys for a six-week vacation in June 2014 but had never brought them back to West Monroe.
John answered and reconvened in November 2015, seeking an Art. 103 divorce. He demanded primary custody of the boys but did not submit a plan of implementation.
Pursuant to Fourth Judicial District rules, the matter was referred to a Hearing Officer Conference (“HOC”) on November 18, 2015, before Hearing Officer Chuck Traylor. Hearing Officer Traylor made extensive findings of fact, recommending joint custody with Beth as the domiciliary parent, subject to standard alternating-weekend visitation, alternating holidays, and split three-week periods during the summer. He also made |2detailed findings of fact regarding the parties’ financial situations, recommending that John pay child support of $628.00 per month, in two equal installments, that Beth receive the dependent tax credit, that John pay interim periodic spousal support of $300.00 per month, and that child and spousal support debts be made retroactive to the date of judicial demand.[1]
John objected to the HOC recommendation, particularly the designation of Beth as domiciliary parent, the unworkable alternating-weekend visits (Elk City, Oklahoma, is an almost nine-hour drive to West Monroe, each way), the award of spousal support, retroactivity of the child support, and various particulars of the visitation plan.
On December 17, 2015, Judge Robert Johnson signed a “temporary order” making the HOC report the order of the court “pending the final disposition of issues by the court.” At some point, the case was reassigned to Judge Alvin Sharp.
The parties appeared for trial on May 25, 2016. In a very brief, morning session, Judge Sharp granted them a divorce and allowed Beth to resume using her maiden name.
After a recess, the court stated it would address visitation, custody and child support. Several witnesses testified, but only two are germane to the | .¡appeal. John testified that he was still living in Elk City, Oklahoma, working in the oilfield; he introduced some pay stubs and his 2015 Form 1040, showing an adjusted gross in *1201 come of $34,500 and claiming the two boys as dependents. He admitted he had not paid any child support under the court’s temporary order. Beth testified that she was still working at Hilton Garden Inn for $8.25 an hour, had lived in a homeless shelter and was currently in a Section 8 apartment in West Monroe. She also testified that she was receiving food stamps and drawing Medicaid for.the boys, was driving a 14-year-old Ford Taurus that an uncle had given her, had no credit cards, bank accounts or other assets, and had asked John for support, but all he ever sent her was half of the couple’s final income tax refund.
On June 7, Judge Sharp filed reasons for judgment in this “action sounding in child custody.” He carefully discussed the evidence as to each Art. 134 factor and attached an “Article 134 Check Sheet” that gave John a score of 27 and Beth, 35. He rendered judgment awarding primary domiciliary custody to Beth. In a departure from the HOC report, however, he ruled simply thát John would have “reasonable visitation” during the school year and for a majority of the summer. Neither the judgment nor the reasons for judgment mentioned child support, the dependent tax credit or interim spousal support.
Notice of judgment was mailed to counsel on June '8, 2016. Beth’s lawyer, Paul Henry Kidd Jr., died on June 12. She retained a new lawyer, Mason Oswalt, who moved to substitute and enroll on August 4. On the 14same date, he filed the instant motion for devolutive appeal, and has filed a timely appellate brief.[2]
On December 20, John’s lawyer, Bobby Underwood, moved to withdraw as counsel of record, on grounds that “he has not been retained to represent the appellee” in the appeal. This court granted the motion and extended John’s briefing deadline to January 11, 2017; however, the court has never received any appellee brief.
DISCUSSION
Beth now contends that the judgment is erroneous because it makes “no mention of child support or interim spousal support, nor does it address the income tax dependency issue.” She designates three assignments of error, one addressing each claim. She suggests that “whether by oversight, or-with the-intent of ratifying its previous temporary order,” the court failed to rule. She shows that parents owe an obligation of support;' maintenance and education of their children, La. C.C. art. 224; child support may not be waived, Durfee v. Durfee, 44,281 (La.App. 2 Cir. 5/13/09), 12 So.3d 984; a spouse who fails to pay child support is normally denied the dependent tax credit, La. R.S. 9:315.18 B; and the standards for interim spousal support, La. C.C. art. 113.
As a general rule, when a judgment is silent with respect to any demand which was an issue in the case under the pleadings, such silence constitutes an absolute rejection of such demand. Sun Finance Co. v. Jackson, 525 So.2d 532 (La. 1988); Schaeffer v. Schaeffer, 40,562 (La.App. 2 Cir. 10/26/05), 914 So.2d 631. When the district court implicitly rejects a demand by silence, the standard of review is whether the court abused its discretion. Soileau v. Soileau, 2003-1282 (La.App. 3 Cir. 4/7/04), 870 So.2d 584; Goss v. Goss, 95-1406 (La.App. 3 Cir. 5/8/96), 673 So.2d 1366; Leny v. Friedman, 372 So.2d 721 (La. App. 4 Cir.), writ denied, 375 So.2d 943 (1979).
*1202 When the district court denies child support or spousal support, the appellate court finds this action to be erroneous, and the record is otherwise complete, the appellate court is authorized, under La. C. C. P. art. 2164, to “render any judgment which is just, legal, and proper upon the record on appeal.” State v. Battson, 36,336 (La.App. 2 Cir. 9/18/02), 828 So.2d 132; Patton v. Patton, 37,401 (La.App. 2 Cir. 9/24/03), 866 So.2d 66.
The instant record exposes an abuse of discretion and manifest error in the denial of Beth’s claims for child support, the.dependent tax credit and interim spousal support. The HOC made detailed factual findings concerning the parties’ financial situations, resulting in the recommendations outlined above. Notably, John objected to aspects of the HOC report, but did not challenge the HOC’s findings as to the parties’ income and expenses, and disputed the tax credit chiefly because he sought custody. The district court made the HOC report the order of the court. At trial, the testimony and documentary evidence entirely corroborated the HOC’s findings, and neither side seriously disputed the other’s income and expenses. In short, there was no evidence on which to reject Beth’s claims for child support, the tax credit and interim spousal support, or even to modify the HOC report and the temporary judgment as to these claims. The judgment will be amended to reinstate these awards.
| (¡This court notes that the award of interim spousal support ordinarily ends when judgment of divorce is rendered. La. C.C. art. 113 A. It is subject to an extension of 180 days, only for good cause shown. La. C.C. art. 113 B; Hogan v. Hogan, 49,979 (La.App, 2 Cir. 9/30/15), 178 So.3d 1013, writ denied, 2015-2018 (La. 1/8/16), 182 So.3d 953. On this record, we find good cause for one extension, and render judgment accordingly.
The parties are reminded that the award of child support may be modified if one of the parties shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. La. R.S, 9:311 A(l); Stogner v. Stogner, 98-3044 (La. 7/7/99), 739 So.2d 762; Watson v. Watson, 39,458 (La.App. 2 Cir. 3/2/05), 894 So.2d 1263. Either party may seek modification of the child support award if he or she meets these requirements.
CONCLUSION
For. the reasons expressed, the judgment is affirmed insofar as it awarded joint custody of the minor children, named Beth the primary domiciliary parent and awarded reasonable visitation to John. The judgment is amended to provide as follows:
IT IS HEREBY ORDERED, adjudged and decreed that the defendant, JOHN FLOYD HAMMOND, shall pay the plaintiff, LOVIE MULLEN HAMMOND, child support in the amount of $628.00 per month, retroactive to date of judicial demand, August 13, 2015, and payable in equal installments on the 5th and 20th day of each calendar month.
IT IS FURTHER ORDERED, adjudged and decreed that the right to claim the children as dependents for tax purposes is assigned to the plaintiff, LOVIE MULLEN HAMMOND.
IT IS FURTHER ORDERED, adjudged and decreed that the defendant, JOHN FLOYD HAMMOND, shall pay the plaintiff, LOVIE MULLEN HAMMOND, interim spousal support in the amount of $300.00 per month, retroactive to date of judicial demand, August 13, 2015, through |7November 21, 2016, and payable in equal installments on the 5th and 20th day of each calendar month.
*1203 All costs are to be paid by John Mullen Hammond.
JUDGMENT AMENDED AND, AS AMENDED, RENDERED.

. The hearing officer documented that John worked as a contractor's helper making $2,814.50 a month, but had recently switched to an oilfield job paying $11.50 an hour and had no monthly records yet. The hearing officer felt that John would not have moved to a lower-paying job, so he imputed $2,814.50 as John’s monthly income. He further found that John claimed monthly expenses of $1,229, which he deemed reasonable, including a pri- or child support order of $404 a month. This left John with a monthly surplus of $1,500 before considering child support in this case. The hearing officer then documented that Beth worked as a housekeeper at a motel, making $808 and taking home $731 a month, and found her claimed monthly expenses of $1,228 reasonable, leaving her with a monthly deficit of $500. John's share of the combined income was 67%. Applying this percentage to the basic support obligation of R.S. 9:315.19, the hearing officer found John's share of the support obligation was $628 a month.

. This court noticed, on its own motion, that the appeal was apparently untimely, under La. C. C. P. art. 3943, and ordered Mr. Oswalt to show cause why it should not be dismissed. In light of the unique and tragic circumstances, and in the absence of any showing of prejudice, the court allowed the appeal to proceed by order of December 7, 2016.