LOLLEY, J,
|, This appeal arises from the Third Judicial District, Parish of Lincoln, State of Louisiana, wherein the trial court granted a judgment of divorce to Stephen Louis Tarbutton and Breanna Danielle Tarbut-ton. Subsequently, the trial court awarded joint custody of the two minor children of the marriage. The trial court denied Bre-anna’s request for sole custody and spousal support, and she now appeals that ruling. For the following reasons, we affirm the trial court’s custody judgment and remand this matter for a determination of spousal support.
FACTS
Breanna and Stephen Tarbutton have been twice married and twice divorced. Two children were born during their first marriage, a son, born June 15, 2002, and another son, born July 21, 2003. Their second marriage took place on September 25, 2004, after which the parties lived with Stephen’s father in Ruston, Louisiana. In 2011, Breanna and the two boys moved out of the house owned by Stephen’s father and into a mobile home located on the same property. Stephen remained in his father’s home in order to care for him.
*1284 On February 22, 2016, Stephen filed a petition for divorce in accordance with La. C.C. art. 103.1 based on the parties living separate and apart since June 15, 2011. Breanna filed a handwritten answer on March 11, 2016, which agreed that the parties had been living separate without reconciliation for almost five years. Brean-na requested sole custody of the children. A trial date was set for April 21, 2016.
At some point, Breanna retained an attorney through Legal Services of North Louisiana. On April 5, 2016, she filed an in forma pauperis \ ^affidavit and an amended answer and reconventional demand. Again, her answer stated the parties had been separated for more than 365 days, had not reconciled, and prayed for a divorce. The demand included allegations of abuse, requested spousal support, and requested sole custody of the children with supervised visitation on the basis of Stephen’s alleged rage disorder diagnosis.
At the divorce hearing, Stephen and one other witness testified. Breanna, although present in court, did not testify. No agreement could be reached between the parties on custody and spousal support, and those issues were continued to a later date. The judgment of divorce, which was prepared by Stephen’s attorney, was signed on April 21, 2016, by the trial court and both attorneys. The divorce judgment was not timely appealed.
On July 18, 2016, the parties returned to court. At this time, Breanna dismissed her attorney and requested a continuance in order to retain new counsel. The trial court informed Breanna that the hearing would be continued to September 19, 2016, at which time the matter would move forward whether or not she retained representation. At the September hearing, Breanna appeared pro se. She repeatedly stated that she wanted legal counsel and that she did not understand the trial court’s directive concerning alienation of community property. Stephen did not answer Brean-na’s reconventional demand, because it was filed more than 10 days after her original answer without consent of the parties or leave of court. The trial court noted the objections, but informed the parties that the matter would proceed that day and include the issues contained within Stephen’s petition and Breanna’s recon-ventional demand. The trial court noted that the divorce had already been granted, child support had not been requested, and |3the only issues to be discussed at this hearing would be custody and spousal support. ■
Breanna was allowed the opportunity to present evidence to prove her allegations of abuse and violence but offered only her unsupported testimony. At the conclusion of the hearing, the trial court awarded joint custody of their two sons and designated Breanna as primary custodial parent. On the issue of spousal support, the trial court asked Breanna several questions about her finances but ultimately declined to grant interim or final spousal support. After the hearing, the trial court issued a consolidated judgment with written reasons, and although the reasons stated it found Breanna is not entitled to interim or final support, no order to that effect is contained within the judgment. Breanna’s pro se appeal followed.
DISCUSSION
In her appeal, Breanna lists nine assignments of error. In her first three assignments, she argues the trial court erred in granting the judgment of divorce without proper proof of living separate and apart and the judgment is null. The other assignments concern custody, spousal support, and community property. Breanna also argues the trial court violated her due process rights by denying her the opportunity to obtain legal counsel.
*1285 A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless clearly wrong. In order to reverse a trial court’s determination, an appellate court must review the record in its entirety and determine that (1) a reasonable factual basis does not exist for the finding, and (2) the record establishes that the trial court is clearly wrong or manifestly erroneous. Toston v. St. Francis Med. Ctr., Inc., 49,963 (La. App. 2 Cir. 10/14/15), 178 So.3d 1084, 1091.
| Jn the area of domestic relations, much discretion is vested in the trial judge, particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of credibility of witnesses. Gerhardt v. Gerhardt, 46,463 (La.App. 2 Cir. 05/18/11), 70 So.3d 863, 868. When findings of fact are based upon a decision regarding credibility of witnesses, respect should be given to those conclusions for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). The trial court having observed the demeanor of the witnesses is in the better position to rule on their credibility. Gerhardt, supra.
A judgment of divorce is a final judgment. La. C.C.P. art. 1841. An appeal from a judgment granting a divorce can be taken only within 30 days from the expiration of delay for applying for a new trial, which is seven days exclusive of legal holidays from the day after the notice of judgment is mailed. See La. C.C.P. arts. 1974, 2087(A), and 3943. The notice of judgment in the Tarbutton divorce was mailed April 21, 2016. The delay for requesting a new trial expired on May 2, 2016, and the time for appeal of the judgment of divorce expired on June, 2, 2016. Breanna’s motion for appeal was filed October 25, 2016, and requested only to “appeal the Judge’s Order of September 19, 2016.” Thus, Breanna did hot timely appeal the judgment of di■vorce; nonetheless, she has raised assignments of error in connection with that judgment. However, because she has taken her representation upon herself in this appeal, her alleged errors concerning the judgment of divorce are included, notwithstanding the fact that they are not properly before this Court.
[ ¿Divorce
Under Louisiana law, a divorce shall be granted on the petition of either spouse upon proof that the spouses have been living separate and apart continuously for the requisite period of time, which is 365 days when there are minor children of the marriage. La. C.C. arts. 103 and 103.1. For purposes of the “living separate and apart” ground for divorce, the statutorily required separation period begins to run from the point that a party evidences an intent to terminate the marital association, when coupled with actual physical separation; that is so regardless of the cause of the initial physical separation. Nelson v. Nelson, 42,697 (La.App. 2 Cir. 12/05/07), 973 So.2d 148. Determination of how long parties have lived separate and apart, as a ground for divorce, is based upon factual issues depending upon the credibility of witnesses. Id.
In her answer to the petition, and in her amended answer and reconven-tional demand, Breanna admitted that she and Stephen had lived separate and apart for over 4 1/2 years. Additionally during the divorce hearing, Stephén testified that he and Breanna had been living separate and apart since 2011. That testimony was corroborated by Stephen’s friend, Ronnie Axton, who testified that Breanna and Stephen had been separated for years and had not reconciled. Breanna, who at the time of the hearing was represented by counsel, did not testify, call any witnesses, or otherwise present any evidence to dis *1286 credit the testimony and facts presented on the issue of living separate and apart.
At the conclusion of the hearing, Stephen’s attorney requested a judgment for divorce and presented a proposed judgment. Breanna’s | (¡attorney stated in open court that he approved the proposed judgment. Breanna, present in court at the time, did not make any contrary assertion. The judgment of divorce was signed on April 21, 2016, by the trial court and both attorneys. This judgment was not timely appealed and is final.
The trial court was in the best position to assess the demeanor and judge the credibility of witnesses who testified and those present in court. In this instance there was no conflict in the facts presented; the record, testimony, and Breanna’s answer, all support the trial court’s finding. Further, the record contains a verification signed by Breanna on March 17, 2016, stating that she read the reconven-tional demand and all allegations are true, which includes living separate and apart since 2011.
Following our review of the record, we do not find that the trial court was clearly wrong in finding that the parties had lived separate and apart for the requite period of time without reconciliation, and granting a judgment of divorce. Thus, substantively, the judgment was not in error. Moreover, the judgment of divorce was entered on April 21,2016, and not appealed; therefore, procedurally, the divorce judgment is final. Any assignments of error arguing for nullity of the divorce judgment are without merit.

Custody

In an assignment of error stemming from the trial court’s September 2016 ruling, Breanna argues that the trial court erred in not examining Stephen’s mental health based on her allegations of drug and alcohol abuse and violent behavior. She argues it was not in the best interest of the children to grant joint custody. We disagree.
In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; |7however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent. La. C.C. art. 182. An appellate court should be reluctant to interfere with custody plans implemented by the trial court in the exercise of its discretion. Ger-ha/rdt, supra.
The trial court asked Breanna to present evidence to support her claim for sole custody, but she provided only her unsupported testimony of alleged past instances of Stephen’s violent behavior. She also referenced instances of hospitalization, but did not provided medical records or police reports to substantiate her claims. She testified that in 2004, Stephen “inferred” that he had abused one of the children. However, she then stated that the boys had continuously gone to Stephen’s house for unsupervised home school sessions and overnight visits. The trial court did not find Breanna’s testimony to be credible. In its reasons for judgment, the trial court stated:
On the issue of custody, Breanna was unsuccessful in meeting her burden of proof on the allegations of drug and alcohol abuse, and domestic violence of Stephen. The only evidence presented was her own testimony. Her accusations were also undermined by her acknowl-edgement that Stephen had been helping Breanna homeschool both of them two sons up until early in the 2015-2016 school year.... The homeschooling ended after Breanna took possession of the textbooks Stephen used, and refused to return them.... Up until the issue over the school textbooks, Stephen had regu *1287 lar contact with his sons. This is deemed to be inconsistent with Breanna’s claims of drug and alcohol abuse, and domestic violence. There was also no documentation presented of any criminal history or rage disorder pertaining to Stephen.
We do not find the trial court’s assessment to be manifestly erroneous. Under these circumstances, the trial court awarded joint custody, but designated Breanna as primary custodial parent. The judgment further ordered that Stephen would have daily visitation with the children for | shomeschooling, certain holidays, and every other week during summer vacation. Breanna indicated during oral argument that Stephen is not spending the proper amount of time with his boys pursuant to the custody order. If this is the case, she may file to modify custody with the trial court based on this change in circumstance. After a complete review of the record, we find the trial court’s order of joint custody is not manifestly erroneous or clearly wrong, and this assignment of error is without merit.

Spousal Support

Breanna requested both interim and final spousal support in her reconven-tional demand, which the trial court denied in its September 2016 ruling. On appeal, she argues the trial court erred in assuming her financial needs or prior lifestyle based on her in forma pauperis affidavit, and not granting her spousal support. We agree.
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. La. C.C. art. 111. A spouse may be awarded final periodic support when he or she has not been at fault and is need of support, based on the needs of that party and the ability of the other party to pay. La. C.C. art. 112(A). Final periodic spousal support, formerly known as permanent alimony, is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living; a claimant spouse does not need to prove necessitous circumstances. King v. King, 48,881 (La.App. 2 Cir. 02/26/14), 136 So.3d 941, 950. The court shall consider all relevant factors in determining the amount and duration of final support, including: (1) The income and means of the parties, including lathe liquidity of such means; (2) the financial obligations of the parties, including any interim allowance or final child support obligation; (3) the earning capacity of the parties; (4) the effect of custody of children upon a party’s earning capacity; (5) the time necessary for the claimant to acquire appropriate education, training, or employment; (6) the health and age of the parties; (7) the duration of the marriage; (8) the tax consequences to either or both parties; and, (9) the existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, regardless of whether the other spouse was prosecuted for the act of domestic violence. La. C.C. art. 112(C).
As a general rule, when a judgment is silent with respect to any demand which was an issue in the case under the pleadings, such silence constitutes an absolute rejection of such demand. Sun Finance Co. v. Jackson, 525 So.2d 532 (La. 1988); Hammond v. Hammond, 51,316 (La. App. 2 Cir. 04/05/17), 217 So.3d 1198, 2017 WL 1244130. When the district court implicitly rejects a demand by silence, the standard of review is whether the court abused its discretion. Hammond, supra.
Here, Breanna did not present any evidence, other than her testimony, to support her claim that she was entitled to interim and permanent spousal support. *1288 Although an informa pauperis affidavit is contained within the record, there is no indication that this form was submitted as an affidavit of income and expenses during the hearing. Breanna testified that she had not had a job since 2007, but at the time of trial her income was sufficient to meet most of her expenses. She testified that the trailer she lives in is owned by herself and Stephen, and she does not pay rent or a car note. She also testified that her only monthly expenses are about $180.00 per month for futilities, food for herself and the boys, and an automobile insurance premium for her 2006 Toyota Sienna. According to Breanna, Stephen recently signed the title on the Toyota over to her, and paid the insurance premium on it through 2016. She claims she cannot afford to pay the insurance premium herself and was never expected to during the marriage.
During the hearing the trial court asked Breanna a series of questions about her financial situation, to which she responded that she receives food stamps, the children have insurance through Medicaid, and her travel expenses are limited because she does not work and the children are homes-chooled. Her income totals around $800.00 per month, her expenses are also about $800.00 per month, and she requested $300.00 per month in spousal support. Bre-anna also stated that she had agreed to pay Stephen $300.00 rent for use of the land on which the trailer sits, but has not paid that amount to him because she cannot afford it.
Stephen testified that his father paid for Breanna to attend Peach Tree Dental School, but that Breanna had never held a job as a dental assistant. Nothing in the record indicates that Breanna has any kind of technical certification or education beyond a GED. From the hearing testimony, it appears that Stephen is no longer helping with homeschooling the children, and this task has fallen solely on Breanna. He stated that the children are “at an age if they want to see me they can.” Stephen testified that he does not have many expenditures, he lives rent-free in his father’s home, and he receives income from social security disability of $1,641.00 per month.
In determining the need for spousal support, the trial court considered the fact that Breanna is living rent-free currently in the trailer on Stephen’s father’s land. However, it is unclear from the record that the trial court | nconsidered that Breanna will only be allowed to live on that land until the children turn 18, at which point Stephen indicated he will make her move the trailer at her expense. It is further unclear if the trial court considered that Stephen continued to pay the insurance premiums on Breanna’s vehicle and the cost of school books for the children during the marriage, even after the separation, and only stopped paying for those things a short time before filing for divorce. Brean-na testified this was due solely to the fact that Stephen had moved another woman into his father’s home, and Stephen did not deny this allegation.
In the September 2016 judgment, no order exists concerning spousal support; therefore, we remand this issue to the trial court. Each party should submit a detailed affidavit of income and expenditures to assist the trial court in its determination. The issue of spousal support is remanded.

Due Process

In another assignment of error, Breanna argues that she has been denied due process because she “was not afforded the opportunity to acquire proper legal counsel.” She argues that the trial court erred in denying her motion for continuance and not allowing her the proper amount of time to hire an attorney. We disagree.
*1289 In Connor v. Scroggs, 35,521 (La.App. 2 Cir. 06/12/02), 821 So.2d 542, 553-54, this Court explained under which circumstances a denial of a continuance would be reversed on appeal:
A continuance may be granted in any case if there is good ground therefor. The trial judge must consider the particular facts in each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the [other party’s] corollary right to have his case heard as soon as is practicable. The trial judge may also weigh the condition of the hacourt docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice.
Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, because [the other party’s] desire to have the ease against him tried is also a factor, [a party] is not entitled to indefinite continuances simply because he is unable to secure counsel.
A trial judge is vested with wide discretion in granting or denying a continuance under La. C.C.P. art. 1601, and his ruling will not be disturbed on appeal in the absence of clear abuse. (Internal citations omitted.)
The record reveals that Breanna acquired counsel through North Louisiana Legal Services, but subsequently terminated that counsel in open court on July 18, 2016, the original date of the custody and spousal support hearing. At that time, the trial court informed Breanna that she had until the next hearing date to hire a new attorney, stating, “All matters before the court today would be refixed to September 19th. And for the record, Ms. Tarbutton, you understand that on September the 19th if [Stephen and his attorney] want to go forward with the matter, we will do that even if you don’t have an attorney at that time.” Breanna replied that she understood the unlikelihood another continuance would be granted. On September 19, 2016, Breanna appeared without counsel. The trial court asked Breanna, “[D]o you realistically think you’re going to be able to get [an attorney] if we give you more time?” Breanna responded, “I would like to hope. I mean, I’m trying.” The trial court denied her motion.
Based on the record, the trial court weighed several factors in considering Breanna’s second request for a continuance, including: fairness to Stephen and his attorney, efficiency of the court, and if another continuance would likely produce an outcome any different than the current I ^situation that day. Breanna had voluntarily terminated her attorney, and the trial court granted Breanna two months in order to obtain a new attorney. At the September hearing, even though she was fully informed of the potential consequences of appearing without counsel, Bre-anna was unclear on her ability or efforts to hire another attorney. We find the trial court did not abuse its wide discretion in denying Breanna’s request for another continuance, and this assignment of error has no merit.

Community Property

In her final two assignments of error, Breanna argues that the trial court erred in making determinations as to community property, because it did not have jurisdiction to do so. A thorough review of the record reveals no judgment on any community property issues. In his petition, Stephen reserved the right to partition community property at a later time. That may be done at any time by either party by filing a petition to partition the community property in the trial court. Considering that there was no final determination *1290 by the trial court on this issue, this assignment of error has no merit,
CONCLUSION
For the forgoing reasons, we conclude that the judgment of divorce is final. We affirm the trial court’s custody judgment but reverse and remand this, matter to the trial court for a hearing to reconsider the issue of spousal support. Further, we find no error by the trial court concerning.the issues of due process or community property. Costs of this appeal are cast to Bre-anna Tarbutton.
AFFIRMED ON CUSTODY; REVERSED AND REMANDED ON SPOUSAL SUPPORT.