WILLIAMS, J.
Breanna Tarbutton appeals a judgment awarding her $63.40 per month in interim and final spousal support until the homeschooling of the children ends or the oldest child's 18th birthday. The trial court denied Breanna's ex parte motion for a continuance and found that Stephen Tarbutton should continue paying the amount of the monthly premium of Breanna's auto insurance as spousal support. For the following reasons, we amend the judgment and affirm as amended.
*593 FACTS
After the parties were divorced in April 2016, a hearing was scheduled on Breanna's request that Stephen's visitation with their two children be supervised and that she receive spousal support. At the hearing, Breanna sought a continuance to allow her time to obtain a new attorney. At the rescheduled hearing in September 2016, Breanna again appeared without counsel and sought another continuance, which was denied by the district court. After testimony by Breanna and Stephen, the court denied her requests for spousal support and supervised visitation. The district court awarded the parties joint custody with daily visitation by Stephen to participate in the homeschooling of the children, alternating weeks in the summer and holidays. Breanna appealed the denial of spousal support and the award of joint custody. On appeal, this court reversed that part of the judgment denying spousal support and remanded the matter. Tarbutton v. Tarbutton , 51,486 (La. App. 2 Cir. 5/2/17), 217 So.3d 1281.
On remand, the parties were ordered to file affidavits of income and expenses. At the hearing, Breanna appeared and sought a continuance, which was granted. The trial court reset the hearing for September 21, 2017, without any objection by Breanna. On September 20, 2017, Breanna filed an ex parte motion for continuance alleging that September 21 was Rosh Hashanah, a day of religious observance for her. The district court staff contacted Breanna and told her that she would need to appear at the hearing unless Stephen agreed to a continuance. The next day, Breanna failed to appear at the hearing and did not send any further communication to the court. Stephen's attorney informed the court that her office had been contacted by Breanna seeking consent to the continuance, but she was informed that Stephen would not agree. The trial court proceeded with the hearing, denying the motion to continue.
Stephen's affidavit of income and expenses was admitted into evidence and he testified about his knowledge of the mobile home situation. Stephen stated that Breanna was living with their children in a mobile home that had been purchased for her use and located on land that he had inherited from his father. He explained that she was living in the home without paying rent and he supplied water, but she paid the other utilities. Stephen testified that he had agreed that Breanna could keep the mobile home as her property, but she would need to remove the home from the land after the youngest child turned 18 years old or pay rent. Stephen stated that he was not aware that Breanna observed Rosh Hashanah.
In written reasons for judgment, the trial court stated that because Breanna did not appear and could not be questioned about her financial affidavit, the document had not been introduced into evidence and was not considered in the determination of spousal support. Instead, the trial court considered Breanna's testimony about her income and expenses admitted into evidence at the prior hearing in September 2016. The court noted that Stephen had been paying Breanna's monthly auto insurance premium of $63.40 and found that her earning capacity would be sufficient to meet her expenses if she were not homeschooling the children. The trial court rendered judgment awarding Breanna the amount of $63.40 per month as interim and final spousal support until the homeschooling of the two children ends or the oldest child turns 18 years of age, whichever occurred first. Breanna appeals the judgment.
DISCUSSION
Breanna contends the trial court erred in denying her motion for continuance. She *594 argues that the court's denial of the continuance violated her constitutional rights to the free exercise of religion because the hearing was scheduled for the date of Rosh Hashanah, a day of religious observance for her.
A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601. The trial court must consider the particular facts in each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Connor v. Scroggs , 35,521 (La. App. 2 Cir. 6/12/02), 821 So.2d 542. Equally important is the other party's corollary right to have his case heard as soon as is practicable. The trial judge may also weigh the condition of the court docket, fairness to the parties and other litigants before the court and the need for orderly and prompt administration of justice. A trial judge is vested with wide discretion in granting or denying a continuance and the ruling will not be disturbed on appeal in the absence of clear abuse. Tarbutton, supra ; Connor, supra .
Pursuant to the First Amendment of the United States Constitution and Art. I, Sec. 8 of the Louisiana Constitution, no law shall be enacted respecting an establishment of religion or prohibiting the free exercise thereof. Not all burdens on religion are unconstitutional and the court may consider important governmental interests in assessing a limitation of a party's First Amendment rights. State v. Victor , 15-339 (La. App. 5 Cir. 5/26/16), 195 So.3d 128.
In this case, contrary to Breanna's contention in her brief that the trial court could have granted her ex parte motion without Stephen's consent, La. C.C.P. art. 1605 provides that all contested motions for continuance require a contradictory hearing. It was Breanna's delay in filing her motion that required the hearing on the continuance to be held on the asserted holy day. In addition, Breanna's claim that she was unable to file her motion sooner because of "confusion" about the date of the holy day is not plausible, since she could have consulted a calendar or a religious official to determine the date well before the afternoon prior to the hearing which had been scheduled two months earlier.
In support of her position, Breanna cites the First Amendment and the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. Sec. 2000bb, et seq. , which provides that the government shall not substantially burden a person's exercise of religion. The record shows that in considering the motion for continuance, the trial court weighed Breanna's religious concerns and her delay in requesting a continuance with Stephen's interest in proceeding with the scheduled hearing and the efficient administration of justice. Based upon the circumstances of this case, we cannot say the trial court abused its discretion in denying the ex parte motion for continuance. Thus, the assignment of error lacks merit.
Breanna contends the trial court erred in considering testimony from the opposing party regarding her religious beliefs. Breanna argues that she was prejudiced by the court's act of hearing testimony in her absence because she did not have the opportunity to cross-examine the witness or present rebuttal evidence.
Preliminary questions concerning the competency of a person to be a witness or the admissibility of evidence shall be determined by the court. La. C.E. art. 104. Every person of proper understanding is competent to be a witness. La. C.E. art. 601. The plaintiff in a civil case shall have *595 the right to rebut evidence adduced by her opponent. La. C.E. art. 611(E).
In the present case, although Breanna refers to the confrontation clause of the Sixth Amendment to the United States Constitution, we note that the Sixth Amendment gives a right of confrontation to defendants in criminal prosecutions, not to parties in civil actions such as this case. See Austin v. United States , 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Breanna has not shown that Stephen was not a competent witness to testify about matters within his personal knowledge. Regarding a question about Breanna's religious beliefs, Stephen responded that he did not know if she observed Rosh Hashanah. Breanna did not have an opportunity to cross-examine the witness or present rebuttal evidence because she failed to appear at the hearing even though she had been given notice of the hearing date and informed that her motion for continuance would not be granted before the hearing. Based upon this record, we cannot say the trial court erred in considering the witness testimony presented at the hearing. The assignment of error lacks merit.
Breanna contends the trial court erred in failing to consider the affidavit of expenses which she provided to the court. She argues that the award of spousal support is inadequate because her need exceeds the amount of the monthly insurance premium.
A spouse may be awarded final periodic support when she has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay. La. C.C. art. 112(A). The court shall consider all relevant factors in determining the amount and duration of final support, including: (1) the income and means of the parties; (2) the financial obligations of the parties; (3) the parties' earning capacity; (4) the effect of custody of children on a party's earning capacity; (5) the time necessary for the claimant to acquire appropriate education or employment; and (6) the duration of the marriage. La. C.C. art. 112( C).
The affidavits of income and expenses constitute hearsay because the affidavits are offered for the truth of their content and made out of court by a person not subject to cross-examination. Presenting statements in the form of an affidavit does not prevent the evidence from being hearsay. Bailes v. U.S. Fidelity & Guaranty Co. , 512 So.2d 633 (La. App. 2 Cir. 1987).
In this case, the trial court excluded Breanna's affidavit from evidence as hearsay because she did not appear and was not subject to cross-examination. Even though Breanna had submitted an affidavit of income and expenses as instructed by the trial court, a purpose of the scheduled hearing was to give the other party an opportunity to question her about the specific items listed in the affidavit. Breanna's absence from the hearing meant that Stephen could not ask her to explain certain expenses and, as a consequence, the trial court did not err in declining to admit her affidavit into evidence.
In making a determination of spousal support without the affidavit, the court considered Breanna's prior testimony at the September 2016 hearing. At that time, Breanna testified that she had completed a dental assistant course, but her last job was in 2007 waiting tables and that she was living with her children in a mobile home that she owned and was not paying rent. Breanna stated that she and each child received Social Security benefits of $274 per month as a result of Stephen's disability and that her expenses were approximately equal to her income. She testified that her vehicle was paid for and that Stephen had previously paid the monthly *596 auto insurance premium. Stephen's affidavit of income and expenses shows income from Social Security disability payments of $1,541 per month and expenses of $987.68 per month. Stephen acknowledged that he had previously paid the auto insurance premium of $63.40 per month for Breanna's vehicle.
The evidence presented supports the trial court's finding that Breanna's earning capacity would be sufficient to meet her needs if she were not homeschooling her teenage sons. Based upon our review of this record, we cannot say the trial court abused its discretion in awarding $63.40 per month as final periodic spousal support. Thus, the assignment of error lacks merit.
Breanna contends the trial court erred in ordering that spousal support would terminate when the oldest child turns 18 years old. She argues the spousal support should not end while she is caring for a minor child in the home.
The trial court has great discretion in awarding final periodic support to a party not at fault. The trial court's determination of the amount and duration of spousal support will not be disturbed absent an abuse of discretion. Brown v. Brown , 50,833 (La. App. 2 Cir. 8/10/16), 200 So.3d 887. The duration of an award of spousal support primarily involves the length of time the recipient requires to secure employment that will meet her needs. Voyles v. Voyles , 2004-1667 (La. App. 3 Cir. 5/4/05), 901 So.2d 1204, writ denied , 2005-1270 (La. 12/9/05), 916 So.2d 1059.
In this case, the record shows that Breanna has obtained a GED and training as a dental assistant. She has not demonstrated that the trial court's time limit for spousal support provides her with an insufficient time period in which to secure some type of employment even with a minor child remaining in the household. We note that under La. C.C. art. 114, a party may seek to modify or extend the award of spousal support by showing a material change in circumstances. Based upon this record, we cannot say the trial court abused its discretion in limiting the duration of the spousal support award. The assignment of error lacks merit.
Breanna contends the trial court erred in failing to render judgment concerning the ownership of the mobile home where Breanna is living with the children and the issue of assistance with education costs. She argues that she should not need to move the home because Stephen verbally agreed to give Breanna the mobile home as well as the land on which it is located.
We first note that contrary to Breanna's representation in her appellate brief, there is no evidence that Stephen agreed to transfer land for the mobile home to Breanna. At the hearings in 2016 and 2017, Stephen testified without contradiction that he had agreed Breanna can keep the mobile home as her property and continue to leave the home on his land free of rent, but she will need to move the home after their youngest child turns 18 years of age. The record does not contain evidence of any other agreement. If Breanna believes she has a claim to the land either as community property or by some other agreement, then she will need to file a separate action to establish the validity of such a claim.
Although the trial court states in the reasons for judgment that Breanna is the owner of the mobile home and that Stephen has agreed to allow her to keep the home on his land without paying rent until both children attain 18 years of age, the judgment is silent regarding that situation. Consequently, we shall amend the judgment to recognize Breanna as the owner of *597 the mobile home with the right to remain in the current location until the youngest child is 18 years old and to instruct Stephen to file in the record documentation showing that title to the mobile home has been transferred to Breanna.
Regarding the homeschool costs, we note that expenses necessary for the support of children are included in the child support obligation. La. R.S. 9:315. The record shows that Breanna receives payments of $274 per month for each child through Stephen's Social Security disability benefits. To the extent that Breanna asserts that these monthly payments for each child are not sufficient to meet their educational needs, she should seek an additional amount for child support. Because Breanna has not made a judicial demand for child support, that issue was not before the district court for a determination. Thus, the issue cannot be addressed by this court.
CONCLUSION
For the foregoing reasons, the trial court's judgment is hereby amended to recognize Breanna Tarbutton as the owner of the mobile home with the right to remain in the current location until the parties' youngest child is 18 years old. In addition, Stephen Tarbutton is instructed to file in the record documentation establishing that title to the mobile home has been transferred to Breanna Tarbutton. The judgment is otherwise affirmed. Costs of this appeal are assessed one-half to the appellant, Breanna Tarbutton, and one-half to the appellee, Stephen Tarbutton.
AMENDED AND AFFIRMED AS AMENDED.