Judgment rendered December 10, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,702-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN RE: GINGER EVELYN BRAZZEL
2011 INTER VIVOS TRUST AND
BRAZZEL TESTAMENT TRUST
F/B/O GINGER EVELYN BRAZZEL

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 624,764

Honorable Christopher T. Victory, Judge

* * * * *

| | |
|---|---|
| WILKINSON, CARMODY & GILLIAM<br>By: Bobby S. Gilliam<br>    Jonathan P. McCartney | Counsel for Appellants,<br>Mark Jonker and<br>Katherine Smith |
| PATRICK MILLER, LLC<br>By: Pierre V. Miller, II<br>    Patrick H. Patrick | Counsel for Appellant,<br>Gregory A. Brazzel |
| AYERS, SHELTON, WILLIAMS,<br>BENSON & PAINE, LLC<br>By : Jacob C. White<br>    R. Caz Coleman | Counsel for Appellees,<br>Succession of Lester<br>Brazzel, Jr. and Lee H.<br>Ayres, Independent<br>Executor |
| JONES WALKER, LLP<br>By: Juston M. O'Brien | Counsel for Appellee,<br>Regions Bank |

PETTIETTE, ARMAND,
DUNKELMAN, WOODLEY,
& CROMWELL, LLP
By:  Lawrence W. Pettiette, Jr.
     Marshall Perkins
     C. Cavette Feazel

Counsel for Appellee,
Ginger Evelyn Brazzel

* * * * *

Before THOMPSON, MARCOTTE, and ELLENDER, JJ.

**THOMPSON, J.**

Litigation between alienated adult siblings over the control and use of inherited funds in two trusts brings these parties back before the Court. Two individuals named as management committee members of the trusts joined the pending litigation but now regret their decision not to retain legal counsel. These individuals placed themselves in the tenuous position of relying completely on their co-plaintiffs' counsel for trial preparation. This reliance proved to be unfortunate when their co-plaintiffs were dismissed from the case before the rescheduled trial. In an apparent attempt to salvage their case the day before trial, they filed a motion to continue the trial, arguing they needed time to obtain trial counsel. Contemporaneously, they filed a motion to amend the pretrial order to which they had previously elected not to contribute, so they could adopt the witness and exhibit list presented by their former co-plaintiffs. The trial court denied both motions, and trial proceeded as scheduled. The plaintiffs were unsuccessful in their claims at trial, and they now appeal, arguing that the trial court erred in failing to grant their motion to continue the trial, and further erred in denying their motion to amend the pretrial order. For the reasons set forth herein, we affirm the trial court's rulings.

## FACTS AND PROCEDURAL HISTORY

The underlying matter at issue in the present case involves estranged siblings and the fight over the management of and order of expending funds in two trusts. Evelyn Brazzel and Lester Brazzel Sr. had three children named Gregory Brazzel ("Gregg"), Lester Brazzel Jr., and Ginger Brazzel

("Ginger"). When Evelyn died her estate created testamentary trusts on behalf of each of the children. Evelyn's trust for Ginger terminated on Ginger's 25th birthday. On May 10, 2011, Ginger used the assets from that dissolved testamentary trust to create, as settlor and beneficiary, the current Ginger Evelyn Brazzel 2011 Inter Vivos Trust ("Ginger's Inter Vivos Trust"). Regions Bank serves as trustee for Ginger's Inter Vivos Trust. Likewise, when Lester Sr. passed, his estate created testamentary trusts for each of his children. Ginger's trust is known as the Brazzel Testamentary Trust f/b/o Ginger Evelyn Brazzel ("the Testamentary Trust"). Regions Bank also serves as the trustee for the Testamentary Trust. Unlike the provisions of Evelyn's testamentary trust for Ginger terminating on her 25th birthday, the Testamentary Trust provided it would exist until her death.

Lester Jr. has since passed and his interests in this lawsuit are being represented by Lee H. Ayres acting as the Independent Executor of the Ancillary Succession of Lester Brazzel Jr. ("the Succession"). The lawsuit began when Gregg and the Succession filed suit on July 10, 2020, seeking to modify both Ginger's Inter Vivos Trust and the Testamentary Trust. Regions Bank opposed the petition to modify the trusts. On October 9, 2020, Gregg and the Succession filed an amended petition consisting of a single paragraph to include Mark Jonker ("Jonker"), Katherine Smith ("Smith"), and Jonathan Winkler as plaintiffs in proper person because they are members of the committees of the Testamentary Trust and Ginger's Inter Vivos Trust.

Although they became parties to this lawsuit in 2020, Smith and Jonker never sought representation, as they argue they reasonably relied on

Gregg and the Succession to advance their claims and protect their common interests. Smith and Jonker interjected themselves in the ongoing litigation but allowed the matter to proceed for four years, intentionally did not retain counsel, and did not participate in any meaningful way as a litigant despite their decision to join the litigation as a party. As the litigation progressed, a scheduling order was issued, witness and exhibit lists exchanged, and a trial date set. Smith and Jonker elected to continue their gamble of relying on the attorneys of others without retaining counsel or further actively engaging in the litigation. Trial in this matter was originally set for January17, 2024, and a pretrial order was prepared for that trial date. Smith and Jonker were contacted and had no trial inserts. The trial was continued and reset for June 18, 2024, by motion for continuance filed by Gregg and over Regions Bank's objections.

On May 6, 2024, six weeks before the new trial date, Regions filed an exception of no right of action, arguing that the Succession and Gregg had no standing to sue because they were not beneficiaries of either of the trusts established for Ginger's benefit. While the exception was pending, the pretrial order was filed by the parties on May 24, 2024, and noted that "we reached out to Mark Jonker, Katherine Smith, and Jonathan Winkler [and] [w]e have not received a response from Mr. Jonker nor Ms. Smith." It further noted that Mr. Winkler had passed away and would not be participating in trial. On May 29, 2024, almost three weeks before trial was to begin, the trial court granted Regions' exception of no right of action and dismissed with prejudice all claims by Gregg and the Succession. The plan to sit idly by in the litigation that had worked to Smith and Jonker's benefit

3

for four years suddenly developed into a regrettable but not unforeseen reality, and they were positioned as the only remaining plaintiffs. Such a predicament was certainly one of the many calculated risks assumed by Smith and Jonker when they elected, and repeatedly reconfirmed, not to have their own independently retained and engaged legal counsel enrolled.

The day before trial was set to commence, Smith and Jonker filed motions to continue the trial to allow them time to retain counsel. They also filed a motion to amend the pretrial order to make clear that they intend to call the same witnesses and offer the same exhibits as were listed by their former co-plaintiffs. These motions were denied by the trial court, with the trial court noting that it was denying the motions based on the reasons stated in Ginger's opposition, the motion was filed one day before trial, the trial had been previously continued in 2024, and the current scheduling order had been in place since February 28, 2024.

Trial was held on June 18, 2024. Jonker and Smith represented themselves *pro se* and were not allowed to call any witnesses or present any exhibits because they had not contributed to the pretrial memorandum. At the end of trial, the court dismissed all their claims with prejudice. They now appeal the trial court's ruling, designating as assignments of error the trial court's denying their motion to continue and their motion to amend the pretrial order.

## ASSIGNMENTS OF ERROR

**First Assignment of Error: The district court erred in dismissing plaintiffs' motion to continue trial where plaintiffs were unrepresented, reasonable grounds existed to continue trial, and no prejudice was shown.**

4

**Second Assignment of Error**: The district court erred in dismissing plaintiffs' motion to amend pretrial order to identify the same witnesses and exhibits identified by the recently dismissed parties with whom plaintiffs were aligned.

## DISCUSSION

At the outset of our analysis, we underscore that the power necessary for the exercise of a court's jurisdiction inheres in the court with the corollary that such power embraces the reasonable enforcement of its lawful orders and directives such that those subject to its lawful orders and directives can be compelled to adhere to them. *See* La. C.C.P. art. 191 ("A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not expressly granted by law"); *Carroll v. Sheikh-Khalil*, 55,413 (La. App. 2 Cir. 1/10/24), 378 So. 3d 917. The inability – or even the failure – of a court to reasonably enforce its judgments, orders, or directives would render them mere words on paper. Thus, our law necessarily affords trial judges great discretion and power over the control of proceedings in their respective courtrooms: "A court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." La. C.C.P. art. 1631(A).

In their first assignment of error, Smith and Jonker argue that the district court erred in dismissing their motion to continue trial because they were unrepresented, reasonable grounds existed to continue trial, and no prejudice was shown. They contend they reasonably relied on Gregg and the Succession to represent their interests, and when those parties were dismissed weeks before trial, it was an abuse of discretion for the trial court to not continue the trial date so that Smith and Jonker could hire counsel.

5

La. C.C.P. art. 1601 provides that a continuance may be granted in any case "if there is good ground therefor." "Good" ground is something less than a "peremptory" ground, for which La. C.C.P. art. 1602 declares a continuance "shall" be granted. The trial court has great discretion in granting or denying a continuance under La. C.C.P. art. 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of that discretion. *Broussard v. Broussard*, 54,598 (La. App. 2 Cir. 6/29/22), 342 So. 3d 465. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. *Id*. That did not occur in the present matter.

The trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance, including the diligence and good faith of the party seeking the continuance and other reasonable grounds. *Tarbutton v. Tarbutton*, 52,102 (La. App. 2 Cir. 6/27/18), 251 So. 3d 590; *Connor v. Scroggs*, 35,521 (La. App. 2 Cir. 6/12/02), 821 So. 2d 542. Equally important is the defendant's corollary right to have his case heard as soon as is practicable. The trial court may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. *Wilkerson v. Darden Direct Dist., Inc.*, 53,263 (La. App. 2 Cir. 3/4/20), 293 So. 3d 146; *Tarbutton*, *supra*. An additional consideration in judiciously advancing matters to timely conclusions is that trial courts that grant continuances often must allow for the resetting of other deadlines in conjunction with the grant of that continuance. *Reed v. Restorative Home Health Care, LLC*, 19-01794 (La. 2/26/20), 289 So. 3d 1028. Such

considerations upend longstanding scheduling and pretrial orders and can result in months or years of added delay.

In the present matter, we cannot say the district court abused its discretion in denying Jonker and Smith's motion to continue trial. Jonker and Smith have been parties to this lawsuit since 2020, when they interjected themselves as plaintiffs. There is no indication during the four years the matter has been pending that they attempted to obtain counsel prior to the dismissal of Gregg and the Succession from the lawsuit in May 2024. Jonker and Smith admit in their pleadings that they never intended to get other counsel and relied on being able to have their interests protected by Gregg and the Succession's counsel. There is no doubt every litigant in every civil proceeding would like to save money, but that desire by Smith and Jonker comes with the real-world risk of finding themselves as parties to litigation without legal counsel if they continuously refuse to hire one. While this strategy may have saved them money had everything worked out the way they hoped, it was a gamble that came with certain risks, and the realization of such a known risk is not a reason to continue a trial. The record reflects that the trial had already been continued once, and it is reasonable for the trial court to refuse to continue it again for parties that have not availed themselves of counsel in the four years they had been a party to the litigation. For these reasons, this assignment of error is without merit.

In their second assignment of error, Smith and Jonker argue that the district court erred in dismissing their motion to amend pretrial order to

identify the same witnesses and exhibits identified by the recently dismissed parties with whom the plaintiffs were aligned.

La. C.C.P. art. 1551 gives a court wide discretion to provide for implementation of a pretrial scheduling order and to ensure that the items of the pretrial order are enforced. The theory inherent in pretrial procedure is the avoidance of surprise and the allowance of the orderly disposition of the case. *Carroll*, *supra*; *Allen v. Bridges*, 41,169 (La. App. 2 Cir. 11/1/06), 942 So. 2d 686. Regret does not create sufficient grounds for allowing parties who have neglected to participate with the court's scheduling and pretrial orders to suddenly upend and further delay a proceeding so that they can implement the very plan of action that had been available and advisable for them to follow by retaining counsel during the preceding four years. Absent an abuse of discretion, the trier of fact's decision in implementing and enforcing a pretrial scheduling order will be upheld. *Robinson v. Apria Healthcare, Inc.*, 38,438 (La. App. 2 Cir. 5/27/04), 874 So. 2d 418.

In *Benware v. Means*, 99-1410 (La. 1/19/00), 752 So. 2d 841, the Louisiana Supreme Court concluded that there was no error in a trial court's exclusion of all witnesses, exhibits, and defenses by a defendant who had repeatedly failed to comply with pretrial orders. At trial, the defendant could only cross-examine witnesses presented by the plaintiff and ultimately, judgment was entered against him. Reasoning that the "drastic" remedy relied on by the trial court was appropriate given the circumstances, the supreme court set forth several factors for crafting penalties for failure to follow a pretrial order, stating:

> Other important considerations in determining the appropriateness of the penalty for a pre-trial order

8

violation, in addition to the question of whether the client participated in the violation, are the stage of the proceeding at which the violation occurred, the presence or absence of prejudice to the opposing party's preparation of the case, and the nature and persistency of the misconduct that constitutes the violation.

*Id.* at p. 5, 752 So. 2d at 847. The supreme court further explained that "[e]ach case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial and discovery orders." *Id.* at p. 4, 752 So. 2d at 847.

This Court recently upheld a trial court's refusal to allow a party to present witnesses or testimony for failure to comply with the pretrial order in *Carroll*, *supra*. There, the plaintiffs missed two deadlines to file and exchange witness and exhibit lists. This Court stated, "we cannot condone plaintiffs' refusal to comply with the trial court's reasonable pretrial order. Furthermore, accepting appellants' arguments would require this court to find that a party may excuse himself from his mandatory obligation to adhere to court orders by simply ignoring them, which is untenable." This Court found that although other less drastic remedies were available to the district court, it was not an abuse of discretion for the trial court to enforce its own order. *Id. See also Brooks v. Sewerage & Water Bd. of New Orleans*, 02-2246 (La. App. 4 Cir. 4/30/03), 847 So. 2d 639 ("It was not an abuse of discretion, under these circumstances, for the trial court to enforce the trial order in an attempt to prevent an injustice to the party who relied upon and followed that order in preparing for trial.")

We follow our earlier precedent and find that it was not an abuse of discretion for the trial court to enforce its own scheduling order and refuse to allow Jonker and Smith to suddenly wish they had been engaged and amend

the pretrial order. There had been two separate occasions during which they could have introduced their own witness and exhibit lists or adopted the exhibit and witness list of the Succession and Gregg; however, on both occasions, Jonker and Smith elected to do nothing. They made the unfortunate decision to rely completely on the trial preparation of the other plaintiffs to the lawsuit, but it is reasonable for the trial court to elect not to punish the defendants for Jonker and Smith's failure to prepare for the already rescheduled and long-awaited trial. Considering the above, Jonker and Smith's second assignment of error is likewise without merit.

## CONCLUSION

For the reasons set forth herein, we affirm the trial court's rulings. Costs of this appeal are assessed to Mark Jonker and Katherine Smith.

**AFFIRMED.**